COMMONWEALTH of Pennsylvania, Appellee,

v.

**James MITSDARFER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 2003.

Filed Nov. 26, 2003.

---

2. Upon remand, the trial court is free to enter an appropriate sanction.

**1204**

Eric R. Linhardt, Williamsport, for appellant.

Kenneth A. Osokow, Asst. Dist. Atty., Williamsport, for Com., appellee.

BEFORE: MUSMANNO, TODD and POPOVICH, JJ.

1.  42 Pa.C.S.A. §§ 9541–9546.

2.  We note that the Order of court granting Mitsdarfer's Motion for post-conviction relief contained a typographical error that indicated that Mitsdarfer was permitted to appeal *nunc*

**OPINION BY MUSMANNO, J.:**

¶ 1 James Mitsdarfer ("Mitsdarfer") appeals from the judgment of sentence entered on January 23, 2001 by the Court of Common Pleas of Lycoming County. We affirm.

¶ 2 On January 4, 2001, Mitsdarfer pled no contest to two separate Information Nos.: 00–11,445 (unauthorized use of an automobile) and 00–11,530 (criminal trespass and theft by unlawful taking). The trial court sentenced Mitsdarfer on January 23, 2001, pursuant to Information No. 00–11,445, to a prison term of 3 to 24 months and ordered him to pay restitution to James Donahue and Hutchison Insurance Company in a total amount of $2,798.40. The trial court also imposed a consecutive prison term of 9 months to 3 years followed by a 3–year period of probation on Information No. 00–11,530. Mitsdarfer did not file post-sentence motions or a direct appeal.

¶ 3 On December 4, 2001, Mitsdarfer filed a *pro se* Motion for post-conviction relief pursuant to the Post–Conviction Relief Act [1] ("PCRA") to Information No. 00–11,445 only, seeking a reduction in the amount of restitution imposed and/or reinstatement of his direct appeal rights. The PCRA court granted Mitsdarfer's Motion on August 6, 2002, and provided relief by reinstating his direct appeal rights.[2] Mitsdarfer then filed a timely Notice of appeal.

¶ 4 On appeal, Mitsdarfer raises only one issue:

Has the trial court abused its discretion by requiring [Mitsdarfer] to pay restitution in the amount of $2,798.40, in the absence of a causal relationship between

*pro tunc* from Information No. 99–10,874, as well as Information No. 00–11,445. We have reviewed the certified record for Information No. 99–10,874 and determined that it is completely unrelated to the matter at hand.

the full amount of the alleged damage to the victim's vehicle and [Mitsdarfer's] criminal conduct?

Brief for Appellant, at 4. The trial court noted, in its Rule 1925(a) Opinion, that the statute providing for restitution for injuries to person or property [3] permits Mitsdarfer to seek amendment of the restitution order at any time by bringing it to the attention of the trial court. Trial Court Opinion, 1/6/03, at 4. This statute specifically provides:

> (3) *The court may, at any time* or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, *alter or amend any order of restitution made pursuant to paragraph (2),* provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S.A. § 1106(c)(3) (emphasis added).

¶ 5 We agree with the trial court's conclusion that Mitsdarfer is entitled to seek a modification or amendment of the restitution Order at any time directly from the trial court. Furthermore, the record reflects that Mitsdarfer has not yet raised this issue in the trial court.[4] We therefore conclude that the relief sought by Mitsdarfer in this matter must be obtained through the trial court, as the trial court is in the best position to receive and evaluate evidence regarding this issue. *See Commonwealth v. Kenney,* 557 Pa. 195, 732 A.2d 1161, 1165 (1999) (noting that the role of the Superior Court is not that of a factfinder). Since the statute provides that a

trial court may amend or alter a restitution order at any time, Mitsdarfer would not be time-barred from filing an appropriate motion with the trial court to seek the relief that he is requesting.

¶ 6 Judgment of sentence affirmed.

---

3. 18 Pa.C.S.A. § 1106.

4. We note that Mitsdarfer has not waived this issue since he may still pursue the issue in the trial court.