J-S66020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DAVID ZRNCIC, | : | |
| | : | |
| Appellant | : | No. 420 MDA 2014 |

Appeal from the Order Entered January 31, 2014,
In the Court of Common Pleas of Cumberland County,
Criminal Division, at No. CP-21-CR-0002531-2008.

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 29, 2015**

Appellant, Michael David Zrncic, appeals *pro se* from the order denying his Motion for Modification of Sentence.  For the reasons that follow, we are constrained to reverse the order and remand to the trial court for proceedings consistent with this memorandum.[1]

The facts of the crime were briefly summarized at the January 8, 2009 guilty plea hearing as follows:

> The facts of the case are that in the time period between Tuesday, February 14, 2008, and Tuesday, April 15, 2008, the defendant did have inappropriate contact with a minor who was under the age of 16.  That inappropriate contact included having the minor perform oral sex on him.  So the penetration was of him into her mouth.

---

[1]  We note with disapproval the Commonwealth's failure to file an appellate brief in this case.

N.T. (Guilty Plea), 1/8/09, at 2. The fifteen-year-old victim was a student at the karate school owned by thirty-one-year-old Appellant and his wife. Appellant also taught mathematics at Cedar Cliff High School. *Id*. at 3; Presentence Investigation Report, at 2. Appellant was charged with one count each of involuntary deviate sexual intercourse ("IDSI") and unlawful contact with a minor, both first-degree felonies, two counts each of aggravated indecent assault, second-degree felonies, and corruption of a minor, first-degree misdemeanors, and three counts of indecent assault graded as a second-degree misdemeanor. On November 24, 2008, the Commonwealth gave notice it would proceed under the mandatory sentencing provisions of 42 Pa.C.S. § 9718 and seek a ten-year mandatory minimum sentence for IDSI and a five-year mandatory minimum sentence for aggravated indecent assault.

Pursuant to a negotiated guilty plea, Appellant pled guilty on January 8, 2009, to one consolidated count of aggravated indecent assault with application of a five-year mandatory minimum sentence. N.T. (Guilty Plea), 1/8/09, at 2. At sentencing, on April 28, 2009, the Commonwealth requested deferral of a restitution order, indicating it "will then file a motion to modify related specifically to restitution" after providing the specific information to defense counsel. N.T. (Sentencing), 4/28/09, at 4. The trial court stated, "I will order restitution generally **without a specific amount**

with the understanding that you will file a motion to modify. We will either have a hearing or an agreed amount of restitution set." ***Id***. at 4–5 (emphasis added). The judgment of sentence provided, in pertinent part, as follows: "Restitution is ordered to be determined **at a hearing to be scheduled**." Order, 4/28/09 (emphasis added).

On May 11, 2009, the Commonwealth filed a Motion to Modify Restitution Pursuant to 18 Pa.C.S. § 1106(c)(3). On May 12, 2009, the trial court filed an order directing "that the sentence order of April 28, 2009, **be modified** to include restitution," payable to the victim's mother, in the amount of $2598.14 (emphasis added).[2] In that order, the trial court added a handwritten notation stating, "If defendant contests this order of restitution he should request a hearing within 10 days of this date." Order, 5/12/09.

Appellant asserts that he was not represented by counsel at the time the Commonwealth filed its Motion to Modify Restitution Pursuant to 18 Pa.C.S. § 1106(c)(3) and that he was not served with either the motion or

---

[2] In its Motion to Modify Restitution Pursuant to 18 Pa.C.S. §1106(c)(3), the Commonwealth averred that this amount represented the cost of a replacement computer, unreimbursed karate lessons, and unreimbursed counseling sessions for the victim. Motion to Modify Restitution, 5/11/09, at 2.

the modified order of restitution.[3] Appellant's Brief at 4. Appellant did not file a request for a hearing, and the court did not hold a hearing.[4] Appellant did not file an appeal from the judgment of sentence.

On June 27, 2012, Appellant filed a *pro se* Motion for Correction of Illegal Sentence asserting that a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718 was inapplicable to the crime to which he pled guilty, aggravated indecent assault, 18 Pa.C.S. § 3125(a)(8), thereby rendering his sentence illegal.[5] The lower court treated the filing as a Post Conviction Relief Act ("PCRA") petition and appointed counsel, who filed an amended petition on November 30, 2012. Order, 9/26/12. The PCRA court held a hearing on January 23, 2013, and on February 20, 2013, denied the petition.[6] Appellant did not file an appeal.

---

[3] The order indicates service of guilty plea counsel, who allegedly was no longer retained by Appellant. Appellant's Brief at 17.

[4] Thus, this is not a case where an amount of restitution was set by the Court after a full hearing. *See e.g.*, *Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004).

[5] Appellant raised no issue regarding the order of restitution in his June 27, 2012 Motion for Correction of Illegal Sentence.

[6] The PCRA court determined that the mandatory minimum sentence of 42 Pa.C.S. § 9718(a)(1) did **not** apply to the specific crime to which Appellant pled guilty, 18 Pa.C.S. § 3125(a)(8). PCRA Court Opinion, 2/20/13, at 2. Appellant elected not to withdraw his plea because "five years was nevertheless the bargained for sentence between the parties." *Id*. at 4–5.

On December 2, 2013, after allegedly learning on November 18, 2013, that his income was to be garnished due to the outstanding restitution, Appellant filed a *pro se* Motion for Modification of Sentence challenging the legality of his sentence relating only to the amount of restitution ordered. He filed an amended motion on January 2, 2014. The trial court treated the motion as a second petition pursuant to the PCRA, determined the restitution issue was waived, and denied the petition as untimely on January 31, 2014. Appellant filed a Motion for Reconsideration of Court's Ruling on Restitution on February 12, 2014, which the trial court denied on February 21, 2014. This timely appeal followed on February 28, 2014. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal, which we have reordered for ease of disposition:

> 1. Did the trial court err by violating 18 PA C.S.A. §1106(a)(3)—which allows for modification of restitution at any time—when it ruled [Appellant's] motion filed December 2, 2013 and subsequent related motions as untimely filed?
>
> 2. Did the trial court err in treating [Appellant's] post-sentence motion to modify restitution as a second PCRA petition when in fact a post-sentence motion is the proper vehicle for this issue?
>
> 3. Did the trial court err in finding [Appellant's] claim that a post-sentence initial determination of a restitution amount (i.e. an illegal sentence) is a waivable matter?
>
> 4. Did the trial court err by not ruling in a manner consistent with the previous finding of the state intermediate court which show [Appellant's] actions to be timely, unwaivable, and

meritorious, and which also show the Commonwealth's motion to modify restitution and the trial court's granting of said motion, are violative of §1106?

5. Did the trial court err by modifying Appellant's sentence after his sentencing hearing when he no longer retained private counsel, was not made aware of Commonwealth's motion to modify his sentence, and was not present to object to such modification?

Appellant's Brief at 6.

Initially, we must determine whether this matter is properly before us. We begin by addressing the first four issues together, as they are all related to the trial court's ability to entertain Appellant's motion and our consideration of whether the trial court correctly determined Appellant's Motion for Modification of Sentence to be an untimely second PCRA petition in which the restitution issue raised was waived. We conclude that the trial court erred.

In **Commonwealth v. Stradley**, 50 A.3d 769 (Pa. Super. 2012), we addressed the propriety of a restitution award entered following the defendant's guilty plea to driving under the influence of alcohol. Therein, at sentencing, the appellant was ordered to pay $7,900.00 in restitution for property damage resulting from a motor vehicle accident. He did not file post-sentence motions or a direct appeal. Nearly fourteen months after the judgment of sentence, the appellant filed a Motion to Vacate Restitution Order, which the trial court dismissed as an untimely motion to modify

sentence. On appeal to this Court, we first determined whether the trial court had jurisdiction to address Appellant's motion.

We noted in **Stradley** that "[i]n the context of criminal proceedings, an order of 'restitution is not simply an award of damages, but, rather, [it is] a sentence.'" **Stradley**, 50 A.3d at 771 (quoting **Commonwealth v. C.L.**, 963 A.2d 489, 494 (Pa. Super. 2008)). Moreover, appeal of a restitution order challenges the legality of sentencing. **Stradley**, 50 A.3d at 772. In addressing the common pleas court's jurisdiction to entertain the motion to vacate restitution, we stated as follows:

> Section 1106 of the Crimes Code, which governs restitution for injuries sustained to person or property, provides in relevant part:
>
> > (3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter, or amend any order of restitution made pursuant to paragraph (2), provided, however that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.
>
> 18 Pa.C.S. § 1106(c)(3). **This provision has been interpreted by our Court to permit a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court**. **See Commonwealth v. Mitsdarfer**, 837 A.2d 1203 (Pa. Super. 2003) (holding that proper remedy for defendant requesting a reduction in the amount of restitution, entered following no contest plea to unauthorized use of an automobile, eleven months after

judgment of sentence was entered, was through trial court, pursuant to 18 Pa.C.S. § 1106, and **not PCRA; since statute afforded trial court authority to amend or alter restitution order at any time, defendant was not time-barred from filing an appropriate motion with the trial court**).

*Stradley*, 50 A.3d at 772 (emphasis added). Thus, we determined that despite the fact that Mr. Stradley filed his motion to vacate restitution fourteen months after judgment of sentence was entered, the trial court erred in finding the appellant's motion was untimely. *Id*.

The lower court in the case *sub judice*, despite Appellant's assertion of the applicability of *Stradley* and *Commonwealth v. Mitsdarfer*, 837 A.2d 1203 (Pa. Super. 2003), cited therein, without any reference to the applicability of 18 Pa.C.S. §1106, and without any asserted basis to do so, treated Appellant's motion as a PCRA petition. Based on the above precedent, we conclude the court erred.

That, however, does not end the inquiry regarding the trial court's jurisdiction to entertain Appellant's challenge to the restitution order. As noted above, the restitution statute, section 1106 of the Crimes Code, "permit[s] a defendant to seek a modification or amendment of the restitution order **at any time** directly from the trial court." *Stradley*, 50 A.3d at 772 (emphasis added) (citing *Mitsdarfer*, 837 A.2d at 1205). *Accord Commonwealth v. Dietrich*, 970 A.2d 1131 (Pa. 2009) (18 Pa.C.S. §1106 indicates legislative intent that courts have jurisdiction to

modify restitution orders **at any time** without regard to when the information should have been presented for consideration, provided court states its reasons for the record); *Commonwealth v. McKee*, 38 A.3d 879 (Pa. Super. 2012) (trial court had jurisdiction to modify restitution order where the defendant challenged it nearly two year after order's imposition).

Recently, in *Commonwealth v. Gentry*, 101 A.3d 813 (Pa. Super. 2014), this Court reiterated that our case law establishes that 18 Pa.C.S. 1106 "creates an independent cause of action for a defendant to seek a modification of an existing restitution order." *Id*. at 816. Citing *Stradley* and *Mitsdarfer*, we acknowledged that a defendant could seek modification or amendment of restitution at any time directly from the trial court. *Id*.

Moreover, the fact that Appellant herein previously filed a Motion for Correction of Illegal Sentence assailing the imposition of the mandatory minimum sentence without challenging the order of restitution does not result in waiver. In *McKee*, the trial court imposed a sentence of imprisonment followed by a period of probation, ordered immediate parole, and imposed a $500.00 order of restitution. The defendant filed an appeal from the judgment of sentence based on insufficient evidence, and the defendant's judgment of sentence was reversed. When the defendant sought return of the restitution previously paid, by filing a Petition for Return of Restitution and Court Costs, the trial court declined on the basis it lacked

jurisdiction. While the focus of that decision was on the trial court's jurisdiction, which we ultimately ruled was not lost, we did not determine that Mr. McKee's failure to assail the restitution order in his direct appeal resulted in a waiver of his motion seeking reimbursement of restitution two years later. As we have noted in a multitude of cases, cited *supra*, and as we emphasized herein based on our jurisdictional analysis, the "broad language" of Section 1106 indicating that "courts have jurisdiction to modify restitution orders **at any time** without regard to when information should have been present for consideration" compels our conclusion that waiver is not appropriate herein. **McKee**, 38 A.3d at 882 (emphasis in original). We conclude, pursuant to 18 Pa.C.S. § 1106, that Appellant's motion is not untimely, it is not waived, and we are satisfied that we have jurisdiction to address it.[7]

Thus, we address the merits. "Questions regarding the court's authority with respect to ordering restitution implicate the legality of a sentence. Challenges to the legality of a sentence are not waivable." **Commonwealth v. Burwell**, 58 A.3d 790, 792–793 (Pa. Super. 2012) (citations omitted). Further, issues related to the legality of a sentence are questions of law; thus, our standard of review is *de novo*, and our scope of

---

[7] In light of the fact that the lower court erred in considering Appellant's motion as a PCRA petition, it goes without saying that we did not utilize waiver and jurisdictional concepts pertinent to the PCRA, as did the trial court.

review is plenary. ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014).

Our recent decision in ***Gentry***, 101 A.3d 813, which was filed subsequent to the filing of Appellant's brief and the trial court's Rule 1925 opinion in this case, provides guidance. In ***Gentry***, the appellant pled guilty to possession with intent to deliver a controlled substance and receiving stolen property on August 6, 2009. Pursuant to a negotiated plea agreement, the trial court imposed an aggregate sentence of ten to twenty-three months of imprisonment followed by two years of probation. At sentencing, the Commonwealth requested that the trial court set restitution at $1.00 to be refined by the York County Adult Probation Office.[8] The trial court ordered that "restitution is in favor of the victim at one dollar subject to review and adjustment." ***Id***. at 815. Appellant did not file a direct appeal with this Court.

---

[8] The restitution statute provides that restitution may be imposed:

> either as a direct sentence, 18 Pa.C.S. § 1106(a), or as a condition of probation, 42 Pa.C.S. § 9754. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim.

***Commonwealth v. Hall***, 80 A.3d 1204, 1215 (Pa. 2013).

The **Gentry** record contained a probation document entitled, "Restitution," which was filed nearly six months after the judgment of sentence, on January 22, 2010. It contained handwritten notations indicating, *inter alia*, a restitution amount of $49,000.00. Three years later, on February 20, 2013, the probation office filed a violation report based on the appellant's failure to pay his court fees, costs, and restitution. The trial court held a hearing, the appellant admitted the violation, and agreed with the probation office's recommended sentence. As a result, the trial court revoked the appellant's probation and imposed a new sentence of four years of probation. Appellant did not file a motion for reconsideration of sentence or a notice of appeal.

On June 11, 2013, the appellant filed a "Motion for Restitution to be Discharged." The trial court conducted a hearing on December 17, 2013, reduced the amount of restitution, but dismissed the motion as untimely. Appellant then filed a notice of appeal. On appeal, we concluded that the initial restitution order was illegal and thus, invalid, and we remanded for reconsideration of whether restitution was an appropriate remedy.

In pertinent part, the restitution statute provides as follows:

**§ 1106. Restitution for injuries to person or property**

**(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly

resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.--**

\* \* \*

(2) **At the time of sentencing** the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), **provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order**

18 Pa.C.S. § 1106 (emphasis added).

In ***Gentry***, at sentencing, the trial court imposed a restitution order of $1.00 as an interim value subject to review and adjustment at a later date. We determined that this valuation was not permitted under Section 1106 or relevant case law. Referring to Section 1106, we noted that the plain text of the statute required the trial court to specify the amount of restitution at the time of the original sentencing as well as a method of payment. 18 Pa.C.S. § 1106(c)(2). We concluded that the original $1.00 restitution order was illegal; it was merely an interim value because restitution had not been determined at the sentencing hearing, and further the trial court was delegating determination of restitution to the probation office, which was impermissible.

In the present case, **at the sentencing hearing**, the trial court stated, "I have nothing on restitution. Go ahead." N.T., 4/28/09, at 4. In response, the Commonwealth advised as follows:

> There has been restitution requested that has come in since the PSI was prepared. I've discussed this with [defense counsel]. What I would propose to do is review that information. I was going to ask for some today; but since you have not had the benefit of looking at it, what I would propose to do is review that information to see what is I believe recoverable and what is not. I will then file a motion to modify related specifically to restitution within ten days of today's date, and I will share that information with [defense counsel] prior to the filing.
>
> THE COURT: **I will order restitution generally without a specific amount** with the understanding that you

will file a motion to modify. We will either have a hearing or an agreed amount of restitution set.

*Id*. (emphasis added). The trial court then imposed sentence and added, "Restitution is ordered to be determined at a hearing to be scheduled." *Id*. at 6. As noted *supra*, on May 12, 2009, after the Commonwealth filed a Motion to Modify Restitution, the trial court "directed that the sentence of April 28, 2009, be modified to include restitution . . . . to [the] mother of the victim, in the total amount of $2,598.14. Order, 5/12/09. Contrary to the trial court's representation at sentencing, the court did not hold a hearing nor was there evidence of "an agreed amount." *See* N.T., 4/28/09, at 4.

Much like the $1.00 order in *Gentry*, the initial order of restitution here, in that it failed to indicate a specific amount, "was itself illegal," and thus, "there was no valid restitution for the trial court to amend" on May 12, 2009. *Gentry*, 101 A.3d at 819. As we noted in *Commonwealth v. Dinoia*, 801 A.2d 1254 (Pa. Super. 2002):

> Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2)..." *Id*. Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary.

*Ortiz*, 854 A.2d at 1283.

We turn to the question of remedy. We do not know what the Commonwealth would suggest as a remedy, as it wholly failed to file a brief

-15-

in this matter. Appellant suggests "that a new sentence be forged sans restitution." Appellant's Brief at 20. Once again, we find guidance in *Gentry*, where this Court determined that "the appropriate remedy is for the trial court to have an opportunity to impose a new restitution order." *Gentry*, 101 A.3d at 819. Thus, as in *Gentry*, on remand, the trial court shall vacate the restitution order and conduct a new sentencing hearing, limited to the issue of restitution consistent with 18 Pa.C.S. § 1106 and our case law.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2015