J-S68040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,      :      IN THE SUPERIOR COURT OF
     :              PENNSYLVANIA
         Appellee      :
     :
         v.      :
     :
ERIC S. RUTH,      :
     :
         Appellant      :      No.  641 MDA 2017

Appeal from the PCRA Order March 15, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002591-2010

BEFORE:  LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED NOVEMBER 30, 2017**

Eric S. Ruth (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court described the procedural history as follows.

> On November 12, 2009, the Office of Attorney General filed a criminal complaint charging [Appellant] with eight counts each of conflict of interest, theft by unlawful taking, theft of services, theft by deception, theft by failure to make required disposition of funds, and criminal conspiracy (to commit conflict of interest).  On August 31, 2011, [Appellant] entered a plea of guilty to count 1 (conflict of interest) and count 41 (criminal conspiracy/conflict of interest).  On March 21, 2012, [Appellant] was sentenced to [60] months of probation, fines totaling $7,500, payment of the costs of prosecution, and restitution in the amount of $50,000.  No direct appeal was filed.

---

* Retired Senior Judge assigned to the Superior Court.

PCRA Court Opinion, 3/15/2017, at 1 (unnecessary capitalization and footnotes omitted).

Appellant, through counsel, filed the instant PCRA petition, his first, on January 19, 2017. After receiving an answer from the Commonwealth, the PCRA court conducted an evidentiary hearing and subsequently dismissed Appellant's petition as untimely filed on March 15, 2017. Shortly thereafter, Appellant's term of probation ended on March 21, 2017. PCRA Court Opinion, 6/15/2017, at 1. Appellant timely filed a notice of appeal.[1]

Before we may consider the merits of Appellant's issues, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011) (quoting *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1267–68 (Pa. 2008) ("[O]ur Supreme Court has stressed that '[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.'")).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

---

[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant filed his petition almost five years after his judgment of sentence became final. Thus, the petition is facially untimely, and the PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant averred his petition was filed timely because he filed it within 60 days of our Supreme Court's decision in **Commonwealth v. Veon**, 150 A.3d 435 (Pa. 2016) (holding that restitution order directing payment to Commonwealth agency as crime victim constituted illegal sentence). PCRA Petition, 1/19/2017, at 2 n.1. Appellant claims he has satisfied the timeliness exception set forth in 42 Pa.C.S. § 9545(b)(2). Appellant's Brief at 11. Subsection 9545(b)(2), however, does not constitute an exception. It simply requires petitions attempting to invoke the exceptions set forth in subsection 9545(b)(1) to "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

To the extent that Appellant is attempting to rely upon the newly-recognized and retroactively-applicable constitutional right exception set forth in subsection 9545(b)(1)(iii), his attempt fails. **See** 42 Pa.C.S. § 9545(b)(1)(iii) (providing "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively"). In **Veon**, our Supreme Court

analyzed 18 Pa.C.S. § 1106 to determine whether the Pennsylvania Department of Community and Economic Development could be a victim eligible for restitution under that statute. *Veon*, 150 A.3d at 448-55. The Court did not announce a new constitutional right in *Veon*, let alone a constitutional right that is retroactively applicable.

"Although illegal sentencing issues cannot be waived, they still must be presented in a timely[-filed] PCRA petition."[2] *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). Thus, while Appellant argues that his sentence is illegal pursuant to *Veon*, and illegality of sentence issues cannot be waived, we do not have jurisdiction to consider the legality of his sentence.[3]

In the alternative, Appellant argues that notwithstanding the lack of jurisdiction under the PCRA, this Court may vacate his sentence of restitution *sua sponte* based upon its inherent equitable power to correct an illegal sentence pursuant to *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007),

---

[2] Appellant claims that the PCRA court had jurisdiction to correct his illegal sentence because this Court vacated the sentence for his co-defendant, Perzel, based upon *Veon*. Appellant's Brief at 9-10. However, unlike Appellant, Appellant's co-defendant timely filed his PCRA petition.

[3] Even if the PCRA court and this Court had jurisdiction to entertain Appellant's petition pursuant to the PCRA, he would still not be entitled to relief. To be eligible for relief pursuant to the PCRA, *inter alia*, at the time relief is granted, a petitioner must "currently [be] serving a sentence of imprisonment, probation, or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i); *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). As noted *supra*, Appellant's term of probation ended on March 21, 2017. Because Appellant is not currently serving a sentence of imprisonment, probation, or parole, he is not entitled to PCRA relief.

or its power to modify restitution orders set forth in 18 Pa.C.S. § 1106(c)(3). Appellant's Brief at 15-18.

In **Holmes**, our Supreme Court reaffirmed the very limited ability of courts to correct patent sentencing errors outside of the PCRA process or the modification period provided by 42 Pa.C.S. § 5505. However, this Court later held that **Holmes** does "not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011). The PCRA "provides for an action by which ... persons serving illegal sentences may obtain collateral relief" and is the "sole means of obtaining collateral relief." **Id.** (citing 42 Pa.C.S. § 9542). Because Appellant's claim is cognizable under the PCRA and his claim is time-barred, he cannot rely on **Holmes** for relief. **Id.** at 522.

Turning to Appellant's attempt to invoke subsection 1106(c)(3), that subsection provides the following.

> The court may, at any time or upon the recommendation of the district attorney … alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3). This Court has interpreted subsection 1106(c)(3) as creating an independent cause of action, which permits "a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court." **Commonwealth v. Gentry**, 101 A.3d 813, 816 (Pa. Super. 2014) (citing **Commonwealth v. Stradley**, 50 A.3d 769, 772 (Pa. Super.

- 5 -

2012)). This Court will not grant relief pursuant to subsection 1106(c)(3) if the issue has not been raised directly with the trial court. ***See Commonwealth v. Mitsdarfer***, 837 A.2d 1203, 1204 (Pa. Super. 2003) (declining to address Mitsdarfer's request for modification of restitution because he did not raise subsection 1106(c)(3) modification request with the trial court and Superior Court is not a fact-finder; since statute afforded trial court authority to amend or alter restitution order at any time, defendant was not time-barred from filing an appropriate motion with the trial court).

In the instant case, the record reveals that the first time Appellant sought relief pursuant to subsection 1106(c)(3) was in his brief. Therefore, subsection 1106(c)(3) cannot provide the relief Appellant currently seeks on appeal. ***Id.***

Based on the foregoing, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017