J-S17029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLORIA ROMAN | : | |
| | : | No. 2998 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered August 31, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0005231-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 20, 2018**

Gloria Roman appeals from the order, entered in the Court of Common Pleas of Lehigh County, denying her motion disputing the Commonwealth's modification of restitution.[1]  Following her guilty plea to driving under the influence (DUI) of a controlled substance (marijuana),[2] Roman was ordered to serve seventy-two hours to six months' incarceration in county jail and to pay restitution in the amount of $13,956.82 for damages to two vehicles as a

---

[1] This Court has held that the restitution statute, section 1106 of the Crimes Code, "permit[s] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court."  **Commonwealth v. Stradley**, 50 A.3d 769, 772 (Pa. Super. 2012), citing **Commonwealth v. Mitsdarfer**, 837 A.2d 1203, 1205 (Pa. Super. 2003).

[2] 75 Pa.C.S.A. § 3802(d)(1)(i).

result of a car accident that occurred at the time of the offense. After our

review, we vacate the restitution order.

The history of the case is as follows:

On April 10, 2017, . . . [a]t the time of sentencing, the Commonwealth requested restitution in the amount of $1.00 for any damages that occurred to the motor vehicles involved in the accident with [Roman's] vehicle at the time of the offense. Thereafter, on May 31, 2017, a Restitution Order [with supporting documentation] was signed by this [c]ourt [and entered on June 2, 2017,] which ordered restitution be paid by [Roman] in the amount of $9,657.75 to Maikel Hernandez, as well as to Mark Brownlee in the sum of $4,299.07, for damage sustained to their vehicles.[3] On June 29, 2017, [Roman] filed a motion Disputing Commonwealth's Modification of Restitution. A hearing on [that motion] was conducted before this Court on August 29, 2017.

Trial Court Opinion, 10/6/17, at 1-2.

In her motion, Roman disputed that the DUI was the cause of the

accident, and instead claimed the accident was caused by the hood of her

vehicle "suddenly flying open and blocking her view." *See* Motion Disputing

Commonwealth's Modification of Restitution, 6/29/17, at ¶ 4. Roman also

claimed that the marijuana in her system amounted to an insignificant amount

_____

[3] There is no indication in the record that the Commonwealth filed a motion to modify the restitution order, although the court accepted the Commonwealth's statement on the record at the guilty plea/sentencing hearing that it would seek further restitution depending on whether "insurance takes care of it." *See* N.T. Sentencing, 4/10/17, at 9. Although both victims indicated in their restitution claim forms that the loss was not covered by insurance, see Restitution Order, 5/31/17 (supporting documentation), there is nothing in the record indicating whether Roman's insurance carrier was contacted or had denied the claims.

of active THC,[4] 5.8 nanograms, and that although constituting a DUI, it was not the cause of the accident. *Id.* at ¶¶ 5, 8.

At the restitution hearing, Corporal Michael Irons of the Pennsylvania State Police testified that on September 14, 2016, at approximately 10:50 a.m., he was dispatched to the scene of a four-car accident on I-78 west. He testified that when he arrived, he saw that the hood of Roman's vehicle was unlatched and positioned against the windshield of her car. After investigating the scene, Corporal Irons concluded that the accident was caused when Roman slammed on her brakes in the right lane after the hood of her vehicle became unlatched and flew up in front of her. The car traveling behind her vehicle then hit her, caused her vehicle to enter the left lane, causing the driver of a tractor-trailer to veer from his lane, and pinning another vehicle against the concrete barrier. N.T. Restitution Hearing, 8/29/17, at 6-8. No one was injured.

Corporal Irons testified that when he approached Roman's vehicle he noticed a faint odor of marijuana. *Id.* at 7. Corporal Irons did not conduct a field sobriety test because Roman had to be extricated from her vehicle; however, Roman consented to a drug screening when she was taken to the hospital after the accident. *Id.* at 9.

---

[4] Tetrahydrocannabinol (THC) is the active principal of cannabis, occurring in two isomeric forms, both considered psychomimetically active. Dorland's Medical Dictionary for Health Consumers, Saunders (2007).

On August 31, 2017, the trial court denied Roman's motion disputing the modification of the restitution order. Roman filed a timely appeal on September 8, 2017, and on September 12, 2017, the trial court instructed Roman to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Roman timely complied with the order.

Roman raises one issue for our review: "Did the trial court illegally impose restitution where property damages were not a direct result of [Roman's] DUI?" Appellant's Brief, at 4.

An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. ***Commonwealth v. Redman***, 864 A.2d 566, 569 (Pa. Super. 2004). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014). ***See also Commonwealth v. Atanasio***, 997 A.2d 1181, 1183 (Pa. Super. 2010).

Section 1106(a) of the Crimes Code provides, in relevant part:

(a) **General rule**. –Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased **as a direct result of the crime**, or wherein the victim suffered personal injury directly resulting from the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make

restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a) (emphasis added).

Roman argues the court illegally imposed restitution where the record lacks any evidence to establish causation between the DUI and the property damages. Appellant's Brief, at 18. As a result, Roman contends, the victims are not entitled to restitution. Appellant's Brief at 20–21. We agree.

There is nothing in the record before us to support a conclusion that the car accident was a direct result of Roman's offense. *See* 18 Pa.C.S.A. § 1106(a). In fact, it is quite clear from the undisputed and uncontradicted evidence that the direct cause of the accident was the fact that Roman's hood unlatched and completely blocked her vision. The Commonwealth made much of the fact that Roman braked suddenly instead of pulling off to the side of the road when the hood of her car flew up. N.T. Restitution Hearing, 8/29/17 at 13-14. There is no evidence, however, that marijuana impacted her ability to do anything under those circumstances. Notably, at the conclusion of the hearing, the court stated: "I would imagine my first reaction would be the same, to slam on my brakes, you know, if my hood came flying up [.]" Id. at 15.

Thereafter, however, the trial court denied Roman's motion challenging the restitution order. The court stated:

> **She made no effort to pull off to the side of the road. As a direct and proximate cause of the Defendant['s] actions, the car traveling behind the Defendant impacted her vehicle and pushed her into the left lane, thereby causing**

**the driver of a tractor trailer to veer from his lane of travel and to pin a fourth vehicle against the concrete barrier.** This Court finds that the Defendant's conduct in stopping abruptly on a busy highway when the hood of her vehicle became unlatched and with marijuana in her system produced a chain reaction, directly causing the subsequent damage to the vehicles involved. . . . The Defendant's faulty driving with a quantity of marijuana in her system, . . . while not necessarily the sole cause, was a substantial factor in causing the accident and the resultant damage.

Order, 8/31/17.

The trial court found that Roman's inability to pull her car over to the shoulder of the highway after her hood became unlatched, with marijuana in her system, was a "substantial factor" in causing the accident and resulting damages. We cannot agree.

The Supreme Court has held that section 1106's language "is clear on its face and applies only for those crimes to property or person where there has been a loss that flows *from the conduct which forms the basis of the crime for which a defendant is held criminally accountable*." *Commonwealth v. Harner*, 617 A.2d 702, 706 (Pa. 1992) (emphasis added). Moreover, this Court has held that in light of the language of section 1106, restitution is a proper sentence under the Crimes Code only if there is a "*direct causal connection* between the crime and the loss." *Commonwealth v. Harriott*, 919 A.2d 234 (Pa. Super. 2007) (emphasis added).

Without evidence that Roman's offense caused her car hood to unlatch, or some evidence that Roman's reaction to brake suddenly rather than pull

over was over was a direct result of her offense, we are unable to conclude that the Commonwealth met its burden of proving a causal connection between the presence of marijuana in Roman's system and the damage to the victims' vehicles. *See Commonwealth v. Balisteri*, 478 A.2d 5, 9 (Pa. Super. 1984) (stating that "[t]o order a defendant to pay restitution, his or her criminal conduct must have caused the loss or injury being compensated for."). *Accord Harriott*, *supra* at 238 (Pa. Super. 2007) ("Due to the language 'directly resulting from the crime,' restitution is proper only if there is a direct causal connection between the crime and the loss."). The Commonwealth offered no evidence at the hearing in support of its restitution order or to rebut the allegations raised in Roman's motion challenging the order. The court's implication that Roman was unable to pull over to the side of the road due to marijuana in her system is not supported by the evidence presented at the hearing.

We conclude, therefore, that the record fails to establish a clear nexus between Roman's offense and the accident and vehicle damage. *Commonwealth v. Boone*, 862 A.2d 639, 643 (Pa. Super. 2004) (amount of restitution must be supported by the record). Accordingly, we are constrained to vacate the restitution order. *Commonwealth v. Rotola*, 173 A.2d 831 (Pa. Super. 2017) (award of restitution must be vacated if not supported by record).

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/20/18</u>