J-S11005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES NELSON DEUTSCH | : | |
| Appellant | : | No. 1056 WDA 2024 |

Appeal from the Order Dated April 16, 2024
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000328-2005

BEFORE:  MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: April 9, 2025**

James Nelson Deutsch (Appellant) appeals, *pro se*, from the order denying his "Petition for Evidentiary Hearing for Illegal Restitution Order Entered by the Court without Jurisdiction."  Appellant challenges the legality of his underlying judgment of sentence.  After careful consideration, we reverse the order, vacate Appellant's judgment of sentence, and remand for resentencing.

A detailed summary of the factual history underlying Appellant's convictions is unnecessary for our disposition.  In short, the Commonwealth alleged that, in August 2005, Appellant burglarized and set fire to eight homes in Elk County.

On June 11, 2007, pursuant to a negotiated plea agreement, Appellant entered guilty pleas to eight counts each of burglary, arson (endangering

persons), and arson (endangering property).[1]  That same day, the trial court

sentenced Appellant to an aggregate five to twenty-five years in prison.

Pertinently, paragraph nine of the sentencing order (paragraph nine) provided

as follows concerning restitution:

> [Appellant] shall pay restitution to all victims [(the victims)] in an
> amount **to be determined**, provided, however, that the
> Commonwealth shall submit the restitution claims of the victims
> to [Appellant's] counsel by June 30, 2007.
>
> Should there be any dispute with the restitution claims,
> [Appellant] shall be entitled to an evidentiary hearing on the issue
> of restitution.  [Appellant's] obligation to pay restitution shall be
> joint and several with all other defendants who plead guilty to or
> are found guilty of the underlying offenses.

Sentencing Order, 6/11/07, ¶ 9 (emphasis added).

On June 15, 2007, the Commonwealth filed a "Motion to Impose

Restitution Amount" (Restitution Motion), requesting $451,908.08 in

restitution to the victims.  **See** Restitution Motion, 6/15/07, ¶ 5.  The

Commonwealth explained that "[a]t the time of [Appellant's guilty] plea[

hearing], … it did not have the complete list of requested restitution from the

victims, but would provide the same no later than June 30, 2007." **Id.**, ¶ 2.

The Commonwealth further averred that, during his guilty plea colloquy,

Appellant agreed to permit the Commonwealth to supplement the record with

_____

[1] 18 Pa.C.S.A. §§ 3502(a), 3301(a)(1)(i-ii).

- 2 -

the appropriate restitution amount after his sentencing hearing.[2] ***See id.***, ¶ 3.

Consistent with paragraph nine of the sentencing order, on June 15, 2007, the trial court issued an order permitting Appellant to file objections to the Commonwealth's restitution request by July 20, 2007. Appellant did not file any objections, and, on July 24, 2007, the trial court ordered Appellant to pay restitution as outlined in the Commonwealth's Restitution Motion. Appellant did not file a post-sentence motion, and did not file an appeal from either the June 11 or July 24, 2007, orders.

On March 15, 2024, Appellant, *pro se*, filed a "Petition for Evidentiary Hearing for Illegal Restitution Order Entered by the Court without Jurisdiction" (Petition for Hearing). Therein, Appellant claimed that he only became aware that the trial court imposed restitution as part of his sentence on February 8, 2024, when the Department of Corrections notified him of pending deductions from his inmate account. ***See*** Petition for Hearing, 5/15/24, ¶ 3. Appellant requested an evidentiary hearing at which "the terms of the negotiated plea can be clarified[,] and the original [sentencing] order can be enforced …." ***Id.***, ¶ 8 (some capitalization modified). Appellant requested, in the alternative, "that the [r]estitution be nullified …." ***Id.***

---

[2] Appellant's guilty plea colloquy hearing and sentencing hearing were not transcribed, and the certified record does not contain a written plea agreement.

The matter proceeded to a hearing on April 12, 2024. Appellant, incarcerated at the Forest County State Correctional Institution, appeared by video. Relying on 18 Pa.C.S.A. § 1106, discussed *infra*, Appellant argued that the trial court's imposition of restitution was unlawful, because it was not included in his June 11, 2007, sentencing order. ***See*** N.T., 4/12/24, at 5-6. Appellant further, mistakenly, claimed that the Commonwealth failed to comply with the trial court's order permitting the Commonwealth until June 30, 2007, to supplement the record with an accurate restitution figure. ***See id.*** at 7, 9-11; ***see also id.*** at 10 (Appellant agreeing that he never received the Commonwealth's Restitution Motion or the trial court's July 25, 2007, order imposing restitution).

At the conclusion of the hearing, the trial court denied Appellant's Petition for Hearing, relying on paragraph nine of the June 11, 2007, sentencing order and the Commonwealth's Restitution Motion. ***See id.*** at 14-16. On July 17, 2024, Appellant filed with this Court an application to file a notice of appeal *nunc pro tunc* (Application for Relief).[3] On August 21, 2024,

---

[3] Appellant attached to his Application for Relief correspondence from the Elk County Clerk of Courts, dated May 7 (Exhibit C) and 9 (Exhibit D), 2024, rejecting Appellant's April 30, 2024, notice of appeal and May 1, 2024, motion for transcripts. ***See*** Application for Relief, 7/17/24, at Exhibits C, D. Both letters indicated the Elk County Clerk of Courts was returning Appellant's filings for his failure to include filing fees or declarations of *in forma pauperis* (IFP) status. ***Id.*** However, the trial court granted Appellant IFP status on April 9, 2024. Order, 4/9/24. Additionally, the Elk County Clerk of Courts failed to comply with Pa.R.A.P. 905(a)(3). ***See*** Pa.R.A.P. 905(a)(3) ("Upon
*(Footnote Continued Next Page)*

- 4 -

we directed the Elk County Clerk of Courts to docket Appellant's notice of appeal and motion for transcripts. Order, 8/21/24. The Clerk docketed Appellant's filings on August 27, 2024. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant raises the following two issues:

1. Whether the failure of the trial court to impose restitution[,] where circumstances described in [18 Pa.C.S.A. §] 1106(a)(1) or (2) are established[,] results in an illegal sentence[?]

2. Whether the trial court['s] original restitution order was itself illegal [and] there was no valid restitution [order] for the trial court to amend[?]

Appellant's Brief at 3 (some capitalization modified).[4]

Although set forth as separate issues in his brief, Appellant offers a single argument—that the trial court imposed an unlawful sentence, where it failed to order restitution at the time of sentencing. *See id.* at 8-10 (citing 18 Pa.C.S.A. § 1106(c)(2) ("At the time of sentencing the court shall specify

_____

receipt of the notice of appeal, the clerk **shall** immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." (emphasis added)). Under these circumstances, we have deemed an appeal perfected on the date the trial court clerk received the purportedly defective notice of appeal. **See Commonwealth v. Williams**, 106 A.3d 583, 590 (Pa. 2014) (holding the trial court clerk must comply with Rule 905(a)(3), and the appellant's appeal was perfected on the date the clerk received the filing). Accordingly, we deem Appellant's notice of appeal timely filed.

[4] On February 14, 2025, the Commonwealth filed a letter with this Court, indicating that it was not submitting a brief, and adopting the rationale set forth in the trial court's Rule 1925(a) opinion. **See** Correspondence, 2/14/25, at 1.

the amount and method of restitution."). As a result, Appellant contends, restitution must be "waived." *Id.* at 10.

Preliminarily, we consider the basis for our jurisdiction to consider the merits of Appellant's claim.[5] In his Petition for Hearing and during argument at the April 12, 2024, hearing, Appellant challenged the trial court's authority to impose restitution, and requested that the court relieve him of his obligation to pay restitution. *See* Petition for Hearing, 3/15/24, ¶ 6; N.T., 4/12/24, at 5.

> [T]his Court has held that the restitution statute, Section 1106 of the Crimes Code, "permits a defendant to seek a modification or amendment of the restitution order **at any time directly from the trial court**." *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa. Super. 2012), *citing Commonwealth v. Mitsdarfer*, 837 A.2d 1203, 1205 (Pa. Super. 2003). Our case law in this Commonwealth establishes that the statute creates an independent cause of action for a defendant to seek a modification of an existing restitution order.

*Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014) (brackets and some citations omitted; emphasis added); *see also Mitsdarfer*, 837 A.2d at 1204-05 (Pa. Super. 2003) (holding that the appropriate vehicle for seeking modification or amendment of restitution is a motion filed in the trial court, and not a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A.

---

[5] In its Rule 1925(a) opinion, the trial court opines that Appellant's Petition for Hearing was untimely filed based on paragraph nine of Appellant's sentencing order. Trial Court Opinion, 11/18/24, at 3.

§§ 9541-9546). As Appellant's Petition for Hearing sought to modify his restitution order, Appellant's claim is properly before us.

Our standard of review is well settled: "[Q]uestions implicating the trial court's power to impose restitution concern the legality of the sentence. … Such issues pose questions of law, over which our review is plenary." *Commonwealth v. Cochran*, 244 A.3d 413, 420 (Pa. 2021) (citation omitted); *see also Commonwealth v. Holmes*, 155 A.3d 69, 78 (Pa. Super. 2017) (*en banc*) ("[I]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence." (citation omitted)).

"[T]he inquiry into the legality of sentence is a non-waivable issue." *Commonwealth v. Wozniakowski*, 860 A.2d 539, 543 (Pa. Super. 2004); *see also Commonwealth v. Weir*, 239 A.3d 25, 27 (Pa. 2020) ("[A] challenge to the [trial] court's determination as to the **amount** of restitution sounds in sentencing discretion and, therefore, must be preserved." (emphasis added)). "[I]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. … An illegal sentence must be vacated." *Gentry*, 101 A.3d at 817 (quotation marks and citations omitted).

We have observed that

restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence. There are two statutory bases for a restitution order: restitution may be imposed as part of a

- 7 -

direct sentence under the Crimes Code, **see** 18 Pa.C.S.[A.] § 1106, or as a condition of probation under the Sentencing Code, **see** 42 Pa.C.S.[A.] §§ 9754, 9763(b)(10). **See also Commonwealth v. Hall**, … 80 A.3d 1204, 1215 ([Pa. Super.] 2013).

**Clark v. Peugh**, 257 A.3d 1260, 1268 (Pa. Super. 2021) (quotation marks and some citations omitted).[6]

The statute controlling our disposition of the instant appeal is codified in Crimes Code Section 1106, which mandates that trial courts must "order full restitution[.]" 18 Pa.C.S.A. § 1106(c)(1). Section 1106(c)(2) provides, however, that trial courts "shall specify the amount and method of restitution" "[a]t the time of sentencing[.]" **Id.** § 1106(c)(2). "It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court **at or prior to the time of sentencing** as to the amount of restitution to be ordered." **Id.** § 1106(c)(4)(i) (emphasis added)). "The court may, at any time …, alter or amend any order of restitution made pursuant to paragraph [(c)](2), provided, however, that the court state its reasons and conclusions as a matter of record …." **Id.** § 1106(c)(3); **see also Commonwealth v. Solomon**, 25 A.3d 380, 389–90 (Pa. Super. 2011) ("The [trial] court is required to specify the amount of

---

[6] Although the trial court sentenced Appellant to a term of total confinement, and it ordered Appellant to pay restitution, the trial court entered a separate order specifying the amount of restitution.

restitution at sentencing, but may modify its order at any time provided that it states its reasons for any modification on the record." (citation omitted)).

A trial court's "order of restitution to be determined later is *ipso facto* illegal." *Commonwealth v. Dahl*, 296 A.3d 1242, 1254 (Pa. Super. 2023) (citation omitted; emphasis added); *see also*, *e.g.*, *Gentry*, *supra*; *Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa. Super. 2008) ("[T]he trial court may not impose a general order of restitution at sentencing and then 'work out the details' and amounts at a later date."); *Commonwealth v. Mariani*, 869 A.2d 484, 487 (Pa. Super. 2005) ("[I]t is not the order entered after the delayed restitution proceeding which rendered the restitution sentence illegal, but the order 'restitution to be determined' … which, entered from the bench at sentencing, failed in both respects to meet the criteria of [Section 1106]."); *Commonwealth v. Deshong*, 850 A.2d 712, 714 (Pa. Super. 2004) (holding the trial court's sentencing order setting restitution as "to be determined" was illegal and required vacatur); *Commonwealth v. Dinoia*, 801 A.2d 1254, 1255 (Pa. Super. 2002) ("[A] sentencing court may not leave the amount of restitution open for determination at a later date."). Where the original sentencing order is "itself illegal, there [is] no valid restitution for the trial court to amend[.]" *Dahl*, 296 A.3d at 1254 (brackets, ellipses, and citations omitted).

We observe that in *Cochran*, *supra*, however, our Supreme Court explained that "[t]here is nothing in the Rules of Criminal Procedure or the

Judicial Code that precludes a sentencing court from conducting a sentencing proceeding over multiple days as the needs of the parties and the court's schedule may necessitate." *Cochran*, 244 A.3d at 420-21 (footnote omitted).

In *Cochran*, a restitution amount was known at the time of sentencing, but disputed by the defendant. *Id.* at 445. Following the defendant's guilty plea, the trial court imposed a sentence of incarceration, and, **at the defendant's request**, scheduled a separate hearing to determine restitution. *Id.* at 442. At the subsequent restitution hearing, which spanned two days, the defendant challenged the trial court's jurisdiction to entertain the Commonwealth's restitution request, citing Section 1106(c)(2). *Id.* at 442-43. The trial court imposed restitution, and the defendant appealed. On appeal, this Court reversed the trial court's order, vacated the entire sentence, and remanded the matter for a resentencing hearing. *Id.* at 443. The defendant petitioned for allowance of appeal, claiming this Court erred by vacating the entire sentence, rather than only vacating the illegal restitution component of the sentence. *Id.* at 446.

On discretionary appeal, the Supreme Court concluded that the lower courts' interpretation of "time of sentencing" was too narrow. *Id.* at 450. The Court explained:

> [T]he trial court announced the incarceration portion of the sentence with other conditions in an order dated June 29, 2017. In response to [the defendant's] request, the order included setting a date for a further hearing on August 28, 2017[,] to address certain factual issues about the ownership of the damaged property included in the Commonwealth's valuation of

- 10 -

restitution. **On this record, it is apparent the sentencing court proceeded with a segmented or bifurcated sentencing hearing,**[7] resulting in a complete and final order only on September 15, 2017. Viewed in this manner, the sentence is compliant with Section 1106 and the issues raised by [the defendant] and addressed by the Superior Court moot.

*Id.* at 450-51 (footnotes in original omitted; emphasis and one footnote added); *see also Commonwealth v. Rapp*, ___ A.3d ___, 2025 WL 286595, *11-12 (Pa. Super. filed Jan. 24, 2025) (holding *Cochran* was controlling, despite the trial court's imposition of a placeholder restitution amount, where the record evidenced the parties' clear intent to proceed with the non-restitution component of the defendant's sentence, and to subsequently address restitution by either agreement of the parties or at a hearing).

Instantly, in its Rule 1925(a) opinion, the trial court cites Section 1106, generally, and states that courts "may amend restitution at any time." Trial Court Opinion, 11/18/24, at 2. The trial court further contends that Appellant's Petition for Hearing "lacked specificity as to the specific issue that [Appellant] was taking with the restitution imposed by the [c]ourt …[,] as the [c]ourt was required to impose restitution as a matter of law." *Id.* at 3; *see also id.* (the trial court stating that Appellant's Petition for Hearing "appeared to be seeking a restitution hearing and not a modification of restitution …[,] which this [c]ourt maintains is distinguishable and [] was not timely ….").

---

[7] Although Appellant does not cite to or acknowledge *Cochran*, in his brief, he claims that he "never agreed to segment or bifurcate the sentencing hearing." Appellant's Brief at 10.

Finally, the trial court opines that the July 25, 2007, order setting restitution was "appropriate and procedurally proper based upon the understanding between the Commonwealth and [Appellant] at the time of [Appellant's] plea and sentencing …." *Id.* at 2.

Upon review, we are constrained to disagree. As detailed above, a sentencing order setting restitution as "to be determined" is void *ab initio*. While Section 1106(c)(3) permits a trial court to amend a restitution order at any time, if the original sentencing order is illegal, "there [is] no valid restitution for the trial court to amend[.]" *Dahl*, 296 A.3d at 1254.

Further, although Appellant's Petition for Hearing primarily relied on Appellant's mistaken belief that the Commonwealth did not timely comply with paragraph nine of his sentencing order, Appellant fairly suggested in both his Petition for Hearing and at the April 12, 2024, hearing that he was challenging the trial court's authority to set restitution after Appellant's sentencing hearing had concluded. *See* Petition for Hearing, 3/15/24, ¶ 6 (Appellant quoting, in boldfaced font, Section 1106(c)(2)'s requirement that the trial court specify restitution at the time of sentencing); N.T., 4/12/24, at 5 (Appellant reciting relevant portions of Section 1106(c)(2) and (4)(i) in support of his argument); *see also Wozniakowski*, 860 A.2d at 543 ("[T]he inquiry into the legality of sentence is a non-waivable issue."). Additionally, in his Petition for Hearing, Appellant specifically requested that his restitution be "stricken" or "nullified." Petition for Hearing, 3/15/24, ¶ 8.

Finally, to the extent the trial court's argument that its imposition of restitution was "procedurally proper" implicates **Cochran**, **supra**, we are unable to discern from the record whether both the Commonwealth and Appellant agreed to a bifurcated sentencing hearing. Here, unlike in **Cochran**, the **Commonwealth** requested additional time to ascertain an accurate restitution figure, **see** Restitution Motion, 6/15/07, ¶ 2, and thus the delay inured to the Commonwealth's benefit. While Appellant may certainly have agreed to defer determination of restitution, and it may even have been a contemplated term of the negotiated guilty plea, the absence of confirmation within the certified record precludes our ability to arrive at that conclusion. This is especially true where Appellant has specifically denied that he agreed to a bifurcated sentencing hearing. **See** Appellant's Brief at 10.

Although we agree with Appellant that the trial court erred by imposing restitution following Appellant's sentencing hearing, we disagree that his remedy is "waive[r]" of restitution. **Id.** Instead, where "an illegal direct sentence of restitution [is] ordered at sentencing, the entire sentencing scheme [is] upset and we must vacate the sentence and remand for resentencing." **Commonwealth v. Deshong**, 850 A.2d 712, 714 (Pa. Super. 2004); **see also Dahl**, 296 A.3d at 1255 ("[B]ecause the sentence here was an integrated one intended from the outset to consist of both confinement and monetary elements, and because both were not imposed contemporaneously, the illegality of one part invalidates the whole.") (quoting **Mariani**, 869 A.2d

at 487)). Accordingly, we reverse the trial court's April 16, 2024, order, vacate Appellant's judgment of sentence, and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/09/2025