COMMONWEALTH of Pennsylvania,
Appellee,

v.

**Joan MARIANI, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 2004.

Filed Jan. 21, 2005.

Reargument Denied March 31, 2005.

Lawrence J. Moran, Scranton, for appellant.

William P. O'Malley, Asst. Dist. Atty., Scranton, for Com., appellee.

BEFORE: BENDER, PANELLA and MONTEMURO * JJ.

OPINION BY MONTEMURO, J.:

¶ 1 This is an appeal from the judgment of sentence entered following Appellant's open guilty plea to driving under the influence and reckless endangerment. Appellant was sentenced to the mandatory minimum term of two days' to six months' incarceration on the DUI, and a consecutive four to seventeen months' incarceration for the reckless endangerment, which might be served as home confinement with the permission of the prison. Her appeal concerns the restitution imposed as part of her sentence.

¶ 2 On April 21, 2001, Appellant, with a blood alcohol level of .148%, drove her Lexus into three parked vehicles which the impact caused to strike T.J. Granito and his seven year old son, tossing the child fifteen to twenty feet in the air and slamming him against a tree. Both father and son were injured, the boy more seriously. Appellant entered her guilty plea on the condition that if her complete cooperation were not provided to the victims in connection with the civil action filed on their behalf, they could withdraw their consent to any plea or sentence.

¶ 3 At the sentencing hearing, after the probation officer's recommendation was received by the court, Appellant, through counsel, referred to a document asserting that there was at her disposal "at least 1 million dollars in insurance coverage that is available at least to begin to compensate the Granito's (sic) perhaps for their losses that can be proven and established to the satisfaction of the Court." (N.T., 12/04/03, at 25). Appellant then referred to the document as signifying "not only her remorse for her actions, but her willingness and commitment to provide restitution to the victims of this incident." (Id.).

¶ 4 The trial court entered the term of imprisonment, first noting his receipt of Appellant's deposition testimony in the civil action.[1] Thereafter the court directed, without objection, that the final restitution amount would be determined at a separate hearing. Five months later at the master's hearing on restitution, Appellant objected to the proceeding on the basis that any sentence of restitution imposed after the sentencing hearing was *a priori* illegal under 18 Pa.C.S.A. § 1106(c)(2), and violative of her due process rights. In addition, after the Commonwealth had submitted its documentation of the restitution amount, totaling $99,041.00, Appellant objected to the supporting materials as hearsay. The trial court concluded otherwise, and this appeal followed, raising the same illegality of sentence and hearsay issues.

¶ 5 18 Pa.C.S.A. § 1106(c)(2) provides that "[a]t the time of sentencing, the court shall specify the amount and method of restitution." This Court has held that both imprisonment and restitution elements of a judgment of sentence must be

---

* Retired Justice assigned to Superior Court.

1. There she denied having been "illegally and factually reckless," an agreed upon description critical to her plea, on the night of the incident, and insisted that "I wasn't intoxicated. I did not feel as though there was a problem with my driving." (Deposition, 3/04/04, at 15). She continued not only to deny responsibility, but also denied having admitted factual and illegal recklessness at the plea proceeding: "No, I didn't admit that. I believe—I didn't believe I was." (Id. at 38). Only after prolonged discussion between and among counsel, during which it was pointed out that the wording of her allocution was a matter of record, did she acknowledge making the admission.

imposed at the same proceeding in order to safeguard the defendant's due process rights. *Commonwealth v. Ortiz,* 854 A.2d 1280 (Pa.Super.2004) (*en banc*); *Commonwealth v. Dinoia,* 801 A.2d 1254, 1256 (Pa.Super.2002). Appellant argues that as a result of the hiatus between the proceedings held here, the ordered restitution was rendered illegal. Because illegal sentences are not waivable, *Commonwealth v. Randal,* 837 A.2d 1211, 1214 (Pa.Super.2003), she correctly dismisses as meritless the Commonwealth's argument that her failure to object when the court announced the postponed restitution proceeding waives the issue. Despite the trial court's deliberate attempt to assure that Appellant's rights were protected by holding a separate hearing, we are constrained by governing authority to agree with Appellant that the sentence was illegal.

■ ¶ 6 However, restitution was an integral part of the sentencing scheme fashioned by the trial court and acknowledged by Appellant, who expressly asserted her willingness to provide it. In this context it must be remembered that "the primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible." *Commonwealth v. Runion,* 541 Pa. 202, 662 A.2d 617, 618 (1995). Thus recompense to the victim is secondary, as "[a] sentence imposing restitution is not an award of damages." *Commonwealth v. Wright,* 722 A.2d 157, 160 (Pa.Super.1998).

¶ 7 Appellant's reference to insurance, noted above, was coupled with the argument that her statement of culpability, read into the record by counsel during her plea proceeding, was intended "to permit the beginning of an effort at restitution by (sic) the Granito family in the civil claim which is pending." (N.T., 12/04/03, at 22). It was also noted that the victims were "entitled to substantial compensation for the losses they have suffered." (*Id.* at 25). The thrust of these and other similar comments, a focus acknowledged by the trial court, is that a restitution sentence was forthcoming, and the amount imposed at the criminal proceeding was to be determinative in the civil action. Such a direction comports with the statute, which requires only that "the civil award shall be reduced by the amount paid under the criminal judgment." 18 Pa.C.S.A. § 1106(g). However, what was also made clear from the form of Appellant's plea was her intention that her insurance company cover any financial obligations imposed on her by the court,[2] allowing her to avoid the rehabilitative consequences of a restitution order.

■ ¶ 8 As already noted, restitution is not damages, as the objectives are different, and because this is so, the amounts, although related, need not be coterminous. Section (c), in fact, has two, inextricable components: the time at which a restitution sentence must be imposed, that is, at the sentencing hearing; and the specific nature of such a sentence, that is, definite as to amount and method of payment. Thus it is not the order entered after the delayed restitution proceeding which rendered the restitution sentence illegal, but the order "restitution to be determined"

**2.** The mandatory restitution provision of the statute codifies this Court's holding that "the contractual obligation of a crime victim to reimburse an insurance company with proceeds recovered as a result of a restitution order does not require a court to subtract

from its restitution order any sums received by the victim from insurance proceeds." *Commonwealth v. Cannon,* 387 Pa.Super. 12, 563 A.2d 918, 925 (1989), *appeal denied in Commonwealth v. Reap,* 525 Pa. 597, 575 A.2d 564 (1990); 18 Pa.C.S.A. § 1106(c)(1)(i).

(N.T., 12/04/03, at 30), which, entered from the bench at sentencing, failed in both respects to meet the criteria of the statute. Because the sentence here was an integrated one intended from the outset to consist of both confinement and monetary elements, and because both were not imposed contemporaneously, the illegality of one part invalidates the whole.

¶ 9 This result is consistent with our conclusion in *Commonwealth v. Deshong,* 850 A.2d 712 (Pa.Super.2004). There, too, the amount of restitution was still to be determined at the time of the sentencing hearing. At the scheduled proceeding on the matter, the appellant raised the same objection as Appellant herein. Although there are factual differences between the instant case and *Deshong,* the principle enunciated, that an order of restitution to be determined later is *ipso facto* illegal, governs here. Thus we remand for resentencing rather than vacating the restitution order as Appellant insists is appropriate.

¶ 10 Other appellate court decisions, although not involving restitution, would seem to dictate the same result, *e.g., Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280 (2000); *Commonwealth v. Anders,* 555 Pa. 467, 725 A.2d 170 (1999); *Commonwealth v. Norris,* 819 A.2d 568 (Pa.Super.2003). In *Anders* our Supreme Court refused to discharge an appellant sentenced in violation of the 60 day time limitation established by Pa.R.Crim.P. 1405(A). In *Vasquez* the Court affirmed this Court's vacation of the sentence and remanded for a "new, statutorily correct sentence," *id.* at 1284, where the initial sentence imposed by the trial court was flawed by the omission of a mandatory fine. In *Norris,* this Court vacated and

remanded for resentencing where the trial court, without having before it as required the defendant's criminal history, refused to apply the three strikes law, reasoning that the Commonwealth had given insufficient notice of its intention to seek punishment under the recidivist statute. The sentence in instant case, like all of these cases and the variant factual scenarios they present, although illegal, is not irremediable. As the *Vasquez* Court observed, "[t]rial courts never relinquish their jurisdiction to correct an illegal sentence." *Id.* at 1284.

¶ 11 Appellant also claims that the restitution order was based on inadmissible evidence, specifically that hospital and other records, including medical bills documenting the victims' expenses from the accident, were hearsay. Appellant proposes that, for example medical records, to be admissible, require "the foundation of, at a minimum, the opinion of a medical expert who causally relates the treatment and who opines that the expenses are reasonable and necessary to the treatment." (N.T., 4/30/04, at 9). Appellant suggests that some of these expenses were, or should have been, covered by the victims' insurance.[3]

¶ 12 Pa.R.E. 803(6) Records of Regularly Conducted Activity provides:

A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certifica-

**3.** It should be noted that Appellant's objections are also directed at the amounts actually advanced by the victims' insurance carriers.

tion that complies with Rule 902(11), Rule 902(12) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

¶ 13 As the Comment to the Rule explains, the certification provision "is designed to save the expense and time consumption caused by calling needless foundation witnesses." *Id.* at Comment.

■ ¶ 14 However, Appellant expressly waived objection to any shortcomings in the proofs of loss by agreeing at the sentencing hearing, as already noted, to compensate the victims "for their losses that can be proven and established to the satisfaction **of the Court.**" (N.T., 12/04/03, at 25) (emphasis supplied). The court expressly approved the Report of the master calculating, on the basis of the victims' documentation, that their loses totaled $99,041.00. Since the admission or preclusion of evidence is within the discretion of the trial court, *Commonwealth v. McCrae,* 574 Pa. 594, 832 A.2d 1026, 1034 (2003), and since Appellant expressly agreed to abide by the court's determination of evidentiary soundness, she may not now complain of deficiencies in the proofs of loss. However, because we are remanding for resentencing in this matter, and in an abundance of caution, we require certification to be obtained by the Commonwealth pursuant to the Rule before resubmitting the documentation of the victims' expenses.

¶ 15 Judgment of sentence vacated. Case remanded for resentencing.