J-S05009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GEORGE POPLAWSKI, | |
| Appellant | No. 289 MDA 2015 |

Appeal from the Judgment of Sentence Entered January 9, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002941-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED FEBRUARY 09, 2016**

Appellant, George Poplawski, appeals from the judgment of sentence of 18 months' probation, plus $41,637 in restitution, imposed after he was convicted of home improvement fraud.  Appellant challenges the legality of his restitution sentence, and also argues that the court imposed an amount of restitution that is not supported by the record.  After careful review, we vacate Appellant's sentence, in its entirety, and remand for resentencing.

The facts underlying Appellant's conviction are unnecessary to the disposition of this appeal.  However, we briefly summarize the procedural history of his case as follows.  Appellant was charged with theft by deception (18 Pa.C.S. § 3922(a)(1)), deceptive or fraudulent business practices (18

---

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S. § 4107(A)(2)), and home improvement fraud (18 Pa.C.S. § 517.8(a)(3)). After a jury trial in November of 2014, Appellant was acquitted of the first two charges, but found guilty of home improvement fraud. For purposes of grading that offense, the jury determined the amount involved was $2,000 or less. *See* 73 Pa.C.S. § 517.8(c)(2)(ii) ("A violation of subsection (a)(2) constitutes: … (ii) a misdemeanor of the first degree if the amount of the payment retained is $2,000 or less….").

On January 9, 2015, Appellant was sentenced to a term of 18 months' probation. No amount of restitution was imposed on that date; instead, the January 9, 2015 sentencing order stated, "Restitution hearing scheduled for[] January 28, 2015." On January 28, 2015, the court conducted a hearing and ultimately imposed restitution in the amount of $41,637. The court did not state, at any point during the January 28th proceeding, that restitution was a condition of Appellant's probation. We also ascertain nothing in the record that would support such a conclusion. Thus, we consider Appellant's restitution as a direct sentence. *See Commonwealth v. Deshong*, 850 A.2d 712, 715 (Pa. Super. 2004) (concluding that restitution was a direct sentence where it was not mentioned in the portion of the sentencing order outlining the conditions of probation, and "the judge did not say the restitution was a condition of probation" but, instead, the court "simply ordered Deshong to pay it").

Appellant filed a timely notice of appeal on February 4, 2015, and timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise

- 2 -

statement of errors complained of on appeal. Herein, Appellant presents two issues for our review:

> I. Whether the … trial court erred when it ordered [Appellant] to pay restitution in the amount of $41,637.00 because that amount is not supported by the record or [the] jury's verdict and exceeds the scope of the crime [for which] [Appellant] was found guilty []?
>
> II. Whether the … trial court was without jurisdiction to order [Appellant] to pay restitution at the hearing on January 28, 2015, because the … trial court did not impose a specific amount of restitution at the sentencing hearing on January 9, 2015, when [Appellant] was sentenced to 18 months['] probation?

Appellant's Brief at 4.

Both of Appellant's issues challenge his sentence of restitution. The imposition of restitution is governed by 18 Pa.C.S. § 1106, which states, in pertinent part:

> **(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> …
>
> **(c) Mandatory restitution.--**
>
> …
>
> (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
>
> > (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with

paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(a), (c).

For ease of disposition, we will begin by addressing Appellant's second issue. Essentially, Appellant avers that his restitution sentence is illegal, as it was not imposed at the sentencing hearing on January 9, 2015. Appellant maintains that "the trial court did not comply with the plain text" of section 1106(c)(2) because the court "did not order [] Appellant to pay a specific amount of restitution at sentencing, but rather, the amount was to be determined at a later hearing." Appellant's Brief at 11. According to Appellant, the court's belated imposition of restitution renders that sentence illegal.

- 4 -

We are compelled to agree based on the plain language of section 1106(c)(2), as well as two decisions by our Court, **Commonwealth v. Dinoia**, 801 A.2d 1254 (Pa. Super. 2002), and **Commonwealth v. Mariani**, 869 A.2d 484 (Pa. Super. 2005). In **Dinoia**, the appellant was sentenced to imprisonment, a consecutive term of probation, and an "open" amount of restitution. **Id.** at 1255. Eighteen months later, the court imposed a specific sum of restitution. **Id.** This Court held that the appellant's sentence of restitution was illegal, reasoning:

> [I]f restitution is ordered, the amount must be *determined at the time of sentencing,* 18 Pa.C.S.A. § 1106(c)(2). [Section 1106] also placed upon the Commonwealth the requirement that it provide the court with its recommendation of the restitution amount *at or prior to the time of sentencing.* 18 Pa.C.S.A. § 1106(c)(4). Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2) ..." **Id. Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary. *See*** 18 Pa.C.S.A. § 1106(c)(3); *cf.* 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

**Id.** at 1257 (italicized emphasis in original; bolded emphasis added).

After **Dinoia**, our Court in **Mariani** held that a sentence of restitution was illegal under circumstances very similar to the present case. There, Mariani was convicted of several offenses, including driving under the influence of alcohol. **Id.** at 485. At the sentencing hearing, "[t]he trial court

entered the term of imprisonment," but "[t]hereafter … directed, without objection, that the final restitution amount would be determined at a separate hearing." *Id.* Five months later, a restitution hearing was conducted and an amount was imposed, despite Mariani's objection "on the basis that any sentence of restitution imposed after the sentencing hearing was *a priori* illegal under 18 Pa.C.S.A. § 1106(c)(2), and violative of her due process rights." *Id.* On appeal, Mariani reiterated her challenge to the legality of the court's belated imposition of restitution, and we agreed with her argument, stating:

> 18 Pa.C.S.A. § 1106(c)(2) provides that "[a]t the time of sentencing, the court shall specify the amount and method of restitution." This Court has held that both imprisonment and restitution elements of a judgment of sentence must be imposed at the same proceeding in order to safeguard the defendant's due process rights. *Commonwealth v. Ortiz*, 854 A.2d 1280 (Pa. Super. 2004) (*en banc*); [] *Dinoia*, 801 A.2d [at] 1256 []. [Mariani] argues that as a result of the hiatus between the proceedings held here, the ordered restitution was rendered illegal. … Despite the trial court's deliberate attempt to assure that [Mariani's] rights were protected by holding a separate hearing, we are constrained by governing authority to agree with [Mariani] that the sentence was illegal.

*Id.* at 485-86.

Here, as in *Mariani*, the trial court made *no determination* regarding the amount of restitution at the sentencing hearing but, instead, conducted a separate hearing before imposing restitution at a later date. We acknowledge that unlike in *Mariani,* the court's imposition of restitution on January 28, 2015, was within the thirty-day time period in which the court

had jurisdiction to modify its sentencing order. *See* 42 Pa.C.S. § 5505. However, *Dinoia* makes clear that modification of restitution under section 1106(c)(3) is only permitted where an initial restitution determination is made *at the sentencing hearing* in accordance with section 1106(c)(2). Because here, no specific amount of restitution was ordered at the January 9, 2015 sentencing proceeding, the court could not add a sentence of restitution on January 28, 2015.

Accordingly, we are compelled to conclude that the court's imposition of $41,637 in restitution on January 28, 2015, was illegal under the plain language of section 1106(c)(2) and this Court's holdings in *Dinoia* and *Mariani*. We further conclude that pursuant to *Mariani*, the appropriate relief is to vacate Appellant's sentence, as a whole, and remand for resentencing. After striking down Mariani's restitution sentence as illegal, we stated:

> [R]estitution was an integral part of the sentencing scheme fashioned by the trial court and acknowledged by [Mariani], who expressly asserted her willingness to provide it. In this context it must be remembered that "the primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible." *Commonwealth v. Runion,* … 662 A.2d 617, 618 ([Pa.] 1995). Thus recompense to the victim is secondary, as "[a] sentence imposing restitution is not an award of damages." *Commonwealth v. Wright,* 722 A.2d 157, 160 (Pa. Super. 1998).

*Mariani*, 869 A.2d at 486.

Presently, Appellant did not express a willingness to pay restitution at the sentencing hearing on January 9, 2015. However, it is apparent from the record that the imposition of restitution was an integral part of the trial court's sentencing scheme, and Appellant was aware of that fact based on the court's scheduling a restitution hearing. Accordingly, in line with our decision in *Mariani*, we vacate Appellant's sentence in its entirety and remand for resentencing. Because of our decision, we need not address the merits of Appellant's first issue.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Shogan files a concurring statement in which President Judge Emeritus Bender and Judge Platt join.

Judge Platt concurs in the result of this memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016