J-S20005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN WINFIELD COCHRAN, II, | : | |
| | : | |
| Appellant | : | No. 1529 MDA 2017 |

Appeal from the Order entered September 15, 2017,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0000361-2017.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED MAY 25, 2018**

Steven W. Cochran, II, appeals from the restitution order imposed following Cochran's open guilty plea to terroristic threats, simple assault and criminal mischief.[1]  After careful review, we vacate Cochran's restitution order and the judgment of sentence, and remand for resentencing.

The trial court summarized the facts of this case as follows:

> On December 4, 2016, [Cochran] was charged with Terroristic Threats (M1), Simple Assault (M2), two counts of Criminal Mischief (F3), Harassment (M3) and two counts of Harassment (S).  The charges resulted from an incident which occurred at the residence of [Cochran], which was a vacation home owned by his grandparents in which [Cochran] had lived for about ten days.  When the grandparents visited [Cochran] at the residence on December 4, 2016, [Cochran] was intoxicated.  [Cochran] began destroying items of personal property within the residence and then threatened his grandmother and

_____

[1] 18 Pa.C.S. §§ 2706, 2701, and 3304, respectively.

ultimately physically assaulted his grandmother, resulting in injuries to her. During the course of the altercation, a fire broke out within the home and caused further damage. [Cochran] admitted to all aforementioned facts at the guilty plea hearing.

On June 29, 2017, [Cochran] entered an open plea to Count 1 – Terroristic Threats, Count 2 – Simple Assault and Count 3 – Criminal Mischief. At the very commencement of the entry of [Cochran's] guilty plea, his prior counsel from the public defender's office, Alisa Livaditis, Esquire, advised that a restitution hearing was required because of the amount of restitution being claimed exceeded $65,000. Attorney Livaditis disputed that [Cochran] was responsible for all of the damages and also indicated that she believed a number of items being claimed were the property of [Cochran]. Clearly the record indicates that [Cochran] and his counsel were aware of the amount of restitution claimed and had a list of property allegedly damaged. Defense counsel requested a ninety-minute hearing and the hearing was scheduled in court on the first available date of August 28, 2017. [Cochran] then moved forward with his plea.

This Court also received a written and verbal victim impact statement which provided greater detail regarding [Cochran's] destructive actions and physical assault of his grandmother. [Cochran] was sentenced to an aggregate sentence of three to twenty-three months in York County Prison plus costs of prosecution. At the request of defense counsel, [Cochran] was directed to remain in the York County Prison, and not released to his Maryland detainer, until after the restitution hearing.

On August 28, 2017, a restitution hearing commenced. [Cochran] was now represented by Brad Peiffer, Esquire of the public defender's office. The assistant district attorney called the case and indicated that defense counsel was disputing more items of restitution than originally indicated and this revised position would require more testimony than was originally anticipated. Attorney Peiffer then raised the issue of the Court's lack of jurisdiction to hear the case. This Court overruled Attorney Peiffer's objection and proceeded with testimony, as the hearing was specially requested both orally and by written motion at [Cochran's] request. At the conclusion of the Commonwealth's case, additional time was

needed to take [Cochran's] testimony and the hearing was continued to September 15, 2017.

On September 15, 2017, [Cochran] appeared with his third attorney from the public defender's office, Anthony J. Tambourino, who renewed his objection to the Court's jurisdiction to enter a restitution order. After making additional argument on that issue, defense counsel conceded that [Cochran] had no valid claim to contest the restitution amount presented by the Commonwealth. After further clarification, the Court entered a restitution order in the amount of $70,951.59, and directed probation to assess [Cochran] upon release from incarceration to determine his earnings and set an appropriate monthly payment amount as part of the probationary tail.

Trial Court Opinion, 11/8/2017, at 2-5 (internal citations and footnote omitted).[2] This timely appeal followed. Both Cochran and the trial court have complied with Pa.R.A.P. 1925.

Cochran argues the following on appeal:

The Commonwealth failed to make a recommendation for restitution and the trial court failed to set restitution at the time of sentencing on June 29, 2017, as required by 18 Pa.C.S. § 1106(c)(2). The trial court was without jurisdiction to set restitution at the September 15, 2017 restitution hearing, because it was held outside of the thirty day period the trial court had jurisdiction after sentencing under 42 Pa.C.S. § 5505. As restitution was not set at sentencing, restitution could not be altered or amended at a later date. The restitution order entered on September 15, 2017 is [illegal] therefore, void and should be vacated.

**See** Cochran's Brief at 4 (citation omitted).

_____

[2] Cochran was not given a probationary sentence. The Commonwealth acknowledges this fact in its sur-reply brief. Thus, its claim that the restitution order was entered as a term of probation is without merit. **See Commonwealth Brief** at 11; 42 Pa C.S.A. § 9754.

We begin by noting our well settled standard of review. The question as to whether the trial court imposed an illegal sentence is a question of law. ***Commonwealth v. Atanasio***, 997 A.2d 1181, 1183 (Pa. Super. 2010). An appellate court's standard of review over such questions is *de novo* and the scope of review is plenary. ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014).

18 Pa.C.S.A § 1106(c)(2) provides that "at the time of sentencing, the court shall specify the amount and method of restitution." In ***Commonwealth v. Dinoia***, 801 A.2d 1254 (Pa. Super. 2002), this Court clarified that § 1106 "mandates an initial determination of the amount of restitution at sentencing" so as to "[provide] the defendant with certainty as to his sentence, and at the same [allow] for subsequent modification, if necessary." at 1257. Cochran avers that "[b]ecause the trial court failed to set restitution at the time of sentencing, but instead, set it outside of its jurisdictional time limits, [we] should vacate the order for restitution." Cochran's Brief at 10.

Here, the trial court postponed determining the restitution until after sentencing. This is clearly contrary to the plain language of § 1106(c)(2). The trial court reasoned, in its opinion, that Cochran's case was "factually distinguishable from ***Dinoia"*** relying on the fact the appellant in ***Dinoia*** had his restitution hearing scheduled 18 months after sentencing, while here, Cochran's hearing was scheduled only 60 days after sentencing. Trial Court

Opinion, 11/8/2017, at 5. The trial court further points out that it was Cochran who requested a restitution hearing during sentencing. *Id.*

The facts that the trial court relies on do not excuse it from the statutory mandate requiring it to set restitution at the time of sentencing. The prosecutor stated during sentencing that he believed restitution would be around $65,000. The trial court could have easily set restitution at this amount to conform with the statute, scheduled a hearing, and then modified the restitution accordingly. The law is clear that the trial court was obligated to set Cochran's restitution during sentencing, and we therefore agree with Cochran that the trial court's restitution order was illegal.

We now turn to the question as to what remedy is appropriate under the circumstances of this case. Cochran relies heavily on *Dinoia*, arguing his situation is "analogous" to that case. In *Dinoia*, this Court vacated the restitution order after the trial court failed to set the restitution at sentencing. Thus, Cochran requests that his restitution order should likewise be vacated, while leaving the rest of his sentence intact. However, since *Dinoia*, this Court has routinely vacated illegal restitution orders *and* remanded the case for resentencing. *See, e.g., Commonwealth v. Deshong*, 850 A.2d 712, 716-18 (Pa. Super. 2004) (agreeing with the Commonwealth that because "disposition apparently alter[ed] the sentencing scheme of the trial court, we must vacate the sentence and remand for resentencing"); *Commonwealth v. Mariani*, 869 A.2d 484, 487 (Pa. Super. 2005) (stating the remedy as "remand[ing] for resentencing rather than vacating the restitution order as

[the appellant] insists is appropriate"); ***Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa. Super. 2014) (agreeing with the Commonwealth that the proper remedy "is for the trial court to have an opportunity to impose a new restitution order").

The Commonwealth urges us that "the appropriate remedy is to vacate the sentence and remand for resentencing." Commonwealth's Sur-Reply Brief at 1. The Commonwealth argues that vacating the order without remanding for resentencing would upset the original sentencing scheme. ***See*** Commonwealth's Brief at 19.

However, Cochran contests that his appeal was taken from the restitution order, instead of the sentencing order, which limits this Court to vacating his restitution order and it may not remand for resentencing. ***See*** Cochran's Reply Brief at 5. We disagree.

> An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it and may remand the matter. If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand.

***Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa. Super. 2006) (internal citations omitted).

Here, we find the order of restitution was integral to the trial court's sentencing scheme. In ***Commonwealth v. Mariani****, 869* A.2d 484, 487 (Pa. Super. 2005), this Court addressed a similar issue where the appellant

requested that his restitution order be vacated because the trial court failed to impose the order during sentencing. We held that "because the sentence [] was an integrated one intended from the outset to consist of both confinement and monetary elements, and because both were not imposed contemporaneously, the illegality of one part invalidates to whole." *Id.* at 487.

Further, the trial court stated in its opinion that "vacat[ing] the restitution order [would provide Cochran] with a benefit that was not included in the bargain struck for the entry of his guilty plea" and that Cochran's acknowledgment that he owed restitution at sentencing "was certainly part of [the trial court's] consideration of the recommended plea bargain." Trial Court Opinion, 11/8/2017, at 6. Under these circumstances, we are confident that the trial court would not have accepted Cochran's guilty plea without the understanding that it would impose restitution.

We agree with the Commonwealth that if we vacated the order imposing restitution, without remanding the issue for resentencing, we would upset the trial court's original sentencing scheme. ***Goldhammer, supra.*** As such, we hold that the appropriate remedy is for the trial court to have an opportunity to impose a new sentence which includes a restitution order.

Based on the foregoing, we find that the trial court erred in holding that Cochran's original restitution order was legal. Accordingly, the trial court's September 15, 2017 order is reversed, Cochran's judgment of sentence is vacated, and case is remanded for resentencing.

Order of sentence reversed. Judgement of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/25/18