J. A21036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
GARD ORMSBEE, : No. 227 EDA 2019
:
Appellant :


Appeal from the Judgment of Sentence Entered December 10, 2018,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0002329-2018


BEFORE: BOWES, J., OLSON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 10, 2019**

Gard Ormsbee appeals from the December 10, 2018 judgment of sentence, as made final by the entry of a restitution order on December 26, 2018,[1] after appellant pled guilty to one count of receiving stolen property.[2] We vacate appellant's judgment of sentence and remand for resentencing.

The record reflects that appellant's guilty plea stemmed from his theft of several pieces of the victim's jewelry that he later sold to a pawnshop. On November 27, 2018, appellant entered an open guilty plea to one count of receiving stolen property. The Commonwealth and appellant agreed to the imposition of a two-year probationary term, but could not agree on the

---

[1] We note that the restitution order is dated December 24, 2018, but was not docketed until December 26, 2018.

[2] 18 Pa.C.S.A. § 3925(a).

amount of restitution. On December 10, 2018, the sentencing court held a restitution hearing at which time the victim testified as to her estimate of the value of the jewelry that appellant had stolen. Immediately following that hearing, the trial court held a sentencing hearing and sentenced appellant to two years of probation, but deferred imposition of restitution until a later date. On December 26, 2018, the sentencing court entered an order that directed appellant to pay the victim $2,200 in restitution. Appellant filed a timely post-sentence motion, which the sentencing court denied.

Appellant filed a timely notice of appeal. The sentencing court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The sentencing court then filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Did the [sentencing] court err by awarding restitution that is speculative, unsupported by the record, and in an amount that is greater than the cash equivalent of the property lost due to the crime?

Appellant's brief at 2.

"[A] generalized, open-ended sentence of restitution . . . is a matter we can raise and review *sua sponte* as an illegal sentence." *Commonwealth v. Ramos*, 197 A.3d 766, 768 (Pa.Super. 2017), citing *Commonwealth v. Mariani*, 869 A.2d 484, 487 (Pa.Super. 2005) (reiterating where judgment of sentence includes open restitution "to be determined later," judgment of sentence is *ipso facto* illegal); *Commonwealth v. Deshong*, 850 A.2d 712,

J. A21036/19

713 (Pa.Super. 2004) (stating timeliness of sentencing court's imposition of restitution pertains to legality of sentence); **Commonwealth v. Oree**, 911 A.2d 169, 172 (Pa.Super. 2006), **appeal denied**, 918 A.2d 744 (Pa. 2007) (restating legality of sentence claims are nonwaiveable, given proper jurisdiction, and this court may **sua sponte** review illegal sentences).

> Issues concerning a court's statutory authority to impose restitution implicate the legality of the sentence. Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is **de novo** and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

**Ramos**, 197 A.3d at 768-768 (citations, ellipses, and quotation marks omitted).

"In the context of criminal proceedings, it is well-settled that an order of restitution is not simply an award of damages, but, rather, a sentence." **Commonwealth v. McKee**, 38 A.3d 879, 880-881 (Pa.Super. 2012) (internal quotation marks and citations omitted). Further, "restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence." **Commonwealth v. Harner**, 617 A.2d 702, 704 (Pa. 1992).

Here, the trial court imposed restitution as a part of appellant's direct sentence pursuant to 18 Pa.C.S.A. § 1106, which provides, in relevant part:

**§ 1106. Restitution for injuries to person or property**

(a) **General rule.**--Upon conviction for any crime wherein:

(1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased; or

(2) the victim, if an individual, suffered personal injury directly resulting from the crime,

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

. . . .

(c) **Mandatory restitution.—**

. . . .

(2) *At the time of sentencing the court shall specify the amount and method of restitution*. . . .

. . . .

(3) The court may, at any time[,] . . . alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S.A. § 1106(a) & (c)(2) & (3) (emphasis added).

Section 1106(c)(2) requires that the sentencing court specify the amount and method of restitution ***at the time of sentencing***. ***Ramos***, 197 A.3d at 770. In other words, "the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary." ***Id.***, citing ***Commonwealth v. Smith***, 956 A.2d 1029, 1033 (Pa.Super. 2008) (finding an order of restitution "to be determined later" ***ipso facto*** illegal); ***Mariani***, 869 A.2d at 486 (explaining two inextricable components of Section 1106(c) are (1) the time at which the restitution sentence must be imposed, ***i.e.***, at sentencing hearing, and (2) the specific nature of the restitution sentence, ***i.e.***, definite as to amount and method of payment).

> Thus, an order entered after the delayed restitution proceeding is not what renders the sentence illegal; it is the court's order at the initial sentencing, postponing the imposition of restitution until a later date, that fails in both respects to meet the criteria of the restitution statute and taints the entire sentence.
>
> As long as the sentencing court sets some amount and method of restitution at the initial sentencing, the court can later modify that order, but only if the requirements of Section 1106(c)(3) are met.

***Ramos***, 197 A.3d at 770 (internal citations omitted).

Here, the record reflects that on December 10, 2018, the sentencing court held a restitution hearing, immediately followed by a sentencing hearing.

On that date, the trial court sentenced appellant to two years of probation for his receiving stolen property conviction. The court then stated that:

> I'm actually going to hold under advisement this restitution order. I need to look into the case law to see where we are with this so I will have that order out by the end of the week on restitution.

Notes of testimony, 12/10/17 at 17. With respect to restitution, the December 10, 2018 written sentencing order fails to set forth an amount and method of restitution and merely states, "restitution held under advisement." (Sentencing order, 12/10/19 at 2.) It was not until December 26, 2018 that the sentencing court entered an order that directed appellant to pay restitution to the victim in the amount of $2,200. (Order of court, 12/26/18). Although the record demonstrates that the sentencing court intended to impose restitution as part of the December 10, 2018 sentencing scheme, the December 10, 2018 judgment of sentence included open restitution to be determined at a later date and is, therefore, *ipso facto* illegal. *See Smith*, 956 A.2d at 1033. Furthermore,

> [n]otwithstanding the statutory language [of Section 1106] and case law requiring imposition of some amount of restitution and a method of payment at the time of sentencing, we continue to see [sentencing] courts make a general order of restitution as part of the sentence but postpone the actual specifics to a later date. This practice is contrary to law. In other words, a sentence intended to include restitution, which is initially entered without a definite amount and a method of payment is illegal and must be vacated in its entirety.

*Ramos*, 197 A.3d at 770-771.

Consequently, we vacate the December 10, 2018 judgment of sentence and the December 26, 2018 restitution order and remand for resentencing. As a result of our disposition, we decline to address appellant's claim that the record fails to support the restitution order.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/19