J-S22045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB AMENUVOR | : | |
| | : | |
| Appellant | : | No. 18 MDA 2020 |

Appeal from the PCRA Order Entered December 5, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000456-2017

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: JUNE 22, 2020**

Appellant, Jacob Amenuvor, *pro se*, appeals from the order entered December 5, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We reverse the PCRA order, vacate the underlying judgment of sentence, and remand for resentencing.

On June 25, 2018, Appellant pleaded guilty to aggravated assault[2] and was immediately sentenced to four to eight years of confinement.

> As part of [Appellant]'s sentence, the [trial c]ourt included an order of restitution to [the victim] in the amount of $1.00 and directed that a payment schedule be established by the Centre County Probation and Parole Department.  Although it was known at the time of sentencing that the victim incurred treatment-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. § 2702(a)(3).

related expenses properly reimbursable through restitution, the amount of those expenses had not yet been determined.

On July 25, 2018, the Commonwealth filed a Motion to Modify the Restitution. The [trial c]ourt scheduled a hearing on the Motion for August 31, 2018. Following the August 31, 2018 hearing, the Court granted the Commonwealth's Motion and amended the sentencing order to reflect $11,968.56 in restitution.

PCRA Court Opinion, dated February 19, 2020, at 1. Appellant did not file a direct appeal.

On June 27, 2019, Appellant filed his first, *pro se*, timely PCRA petition challenging the restitution award. On July 9, 2019, the PCRA court appointed counsel to represent Appellant. On October 7, 2019, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 7, 2019, the PCRA court granted counsel's motion to withdraw and entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. On November 8, 2019, Appellant filed a response that did not request to amend the PCRA petition.

On December 5, 2019, the PCRA court dismissed Appellant's petition. On December 23, 2019, Appellant filed this timely appeal.[3]

Appellant presents the following issue for our review:

Whether the PCRA court erred under **Com**[**monwealth**] **v. Gentry**, 101 A.3d 813 (Pa.Super.2014)?

---

[3] Appellant filed his statement of errors complained of on appeal on January 29, 2020. The PCRA court entered its opinion on February 19, 2020.

Appellant's Brief at 4 (unnecessary capitalization omitted) (some additional formatting).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

"[A]n award of restitution relates to the legality of a sentence[.]" *Commonwealth v. Tanner*, 205 A.3d 388, 398 (Pa. Super. 2019).[4] A "court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*); *see also Commonwealth v. Hoffman*, 198 A.3d 1112, 1123 (Pa. Super. 2018) ("challenge to the legality of sentence is never waived"); *Commonwealth v. Walker*, 666 A.2d 301, 307 (Pa. Super. 1995) (citing *Commonwealth v. Balisteri*, 478 A.2d 5 (Pa. Super.

---

[4]     Restitution is authorized under both the Crimes Code and under the Sentencing Code. The Crimes Code, in 18 Pa.C.S. § 1106, controls restitution as a direct sentence. The Sentencing Code, in 42 Pa.C.S. § 9754, permits a sentence of probation and offers a non-exclusive list of permissible conditions of probation, including restitution.

*Commonwealth v. Deshong*, 850 A.2d 712, 715–16 (Pa. Super. 2004). As the trial court in the current action did not order probation, the restitution award consequently must be pursuant to the Crimes Code under 18 Pa.C.S. § 1106 and, ergo, part of Appellant's direct sentence.

1984) (legality of sentence of restitution is not a waivable issue and, therefore, we must address appellant's contention)).

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Lekka***, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

Our Supreme Court has explained:

> [R]estitution must properly be included in a sentence. ***Commonwealth v. Dinoia***, 801 A.2d 1254, 1257 n.1 (Pa. Super. 2002); ***Commonwealth v. Torres***, 579 A.2d 398, 401 (Pa. Super. 1990). Section 1106(c)(2) provides that "**[a]t the time of sentencing** the court shall specify the amount and method of restitution." 18 Pa.C.S. § 1106(c)(2). Further, "[i]t shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court **at or prior to the time of sentencing** as to the amount of restitution to be ordered; ... based upon information solicited by the district attorney and received from the victim." ***Id.***, [18 Pa.C.S.] § 1106(c)(4)(i). In ***Dinoia***, the Superior Court held these requirements "provide[ ] the defendant with certainty as to his sentence, and at the same time allow[ ]for subsequent modification [pursuant to § 1106(c)], if necessary." ***Dinoia***, at 1257.

***Commonwealth v. Dietrich***, 970 A.2d 1131, 1134 (Pa. 2009) (emphasis added) (some additional formatting added). Failure to comply with Section 1106(c)(2) results in an illegal sentence. ***Commonwealth v. Mariani***, 869 A.2d 484, 485-86 (Pa. Super. 2005) (invalidating trial court's order at the sentencing hearing which failed to specify both the amount and method of restitution and postponed determining same until after sentencing hearing); ***Commonwealth v. Deshong***, 850 A.2d 712, 715–16 (Pa. Super. 2004) (citing ***Commonwealth v. Dinoia***, 801 A.2d 1257, 1257 n.1 (Pa. Super.

2002)) (same); *see also Commonwealth v. Gentry*, 101 A.3d 813, 818 n.6 (Pa. Super. 2014) (characterizing *Mariani* and *Deshong* as cases in which this Court "invalidated restitution orders which postposed determining any restitution amount until after sentencing").

In the current appeal, rather than setting the amount and method of restitution at the time of sentencing, the trial court held a separate, subsequent hearing on the amount of restitution due and entered an order distinct from the judgment of sentence. As the trial court failed to comply with Section 1106(c)(2), Appellant's sentence is illegal. *Mariani*, 869 A.2d at 487 ("Because the sentence here was an integrated one intended from the outset to consist of both confinement and monetary elements, and because both were not imposed contemporaneously, the illegality of one part invalidates the whole.").

When a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated, and the matter remanded for resentencing. *Deshong*, 850 A.2d at 714 (citing *Commonwealth v. Goldhammer*, 517 A.2d 1280 (Pa. 1986); *Commonwealth v. Farone*, 808 A.2d 580 (Pa. Super. 2002)). Accordingly, we vacate the judgment of sentence and remand for resentencing in compliance with 18 Pa.C.S. § 1106(c).[5] Upon remand, the PCRA court must appoint counsel to represent

---

[5] Upon resentencing, we advise the trial court to consider the following tenets:

Appellant or, if Appellant indicates that he wishes to represent himself, hold a ***Grazier***[6] hearing.

For the reasons set forth above, we remand this matter to the trial court. While we would normally include a date by which the resentencing hearing must occur, we are reluctant to issue a specific timeline given the coronavirus disease 2019 ("COVID-19") pandemic. Instead, we relinquish panel jurisdiction at this time so that the parties and the trial court may begin the sentencing process anew, and we direct the court and the parties to comply with the standard timing requirements as much as possible.

PCRA order reversed. Judgment of sentence vacated. Case remanded for additional proceedings consistent with this decision. Panel jurisdiction relinquished.

---

Pursuant to Section 1106, the Commonwealth is responsible for making a recommendation to the sentencing court as to the amount of the restitution to be ordered based on information provided by the victim or other available information. 18 Pa.C.S. § 1106(c)(4)(i)-(ii). Restitution is proper only if there is a direct causal connection between the crime and the loss. Because restitution is a sentence, the amount ordered must be supported by the record, and may not be speculative. In addition, the amount of restitution awarded must be determined under the adversarial system with considerations of due process.

***Lekka***, 210 A.3d at 358 (internal brackets, quotation marks, and some citations omitted).

[6] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/22/2020