J-S39011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN ADAM BERTANZETTI | : | |
| | : | |
| Appellant | : | No. 821 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 10, 2025
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0005848-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN ADAM BERTANZETTI | : | |
| | : | |
| Appellant | : | No. 822 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 10, 2025
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0003671-2024

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 6, 2026**

In these two consolidated appeals, Ryan Adam Bertanzetti (Appellant) seeks review of the judgments of sentence entered by the Court of Common Pleas of Bucks County (trial court). Appellant was initially charged in 2023 with several firearm and theft related offenses; he was later charged in 2024 with offenses relating to his alleged threats against a witness in that earlier case. Appellant entered "open" guilty pleas in both cases, and a penalty was

imposed on a total of three counts – persons not to possess firearms, receiving stolen property, and intimidation of a witness. He was sentenced to an aggregate prison term of 11 to 22 years, followed by three years of probation; he was also ordered to pay restitution in the amount of $5,840 to the owner of stolen property found in Appellant's possession. Appellant now argues on appeal that (a) the restitution order was legally deficient, and (b) the trial court abused its discretion in imposing his sentences consecutively. Finding merit in the restitution claim, we vacate the judgments of sentence and remand for a new sentencing on that ground.

The underlying facts are not in dispute, as Appellant has stipulated to the factual basis of his guilty pleas. *See* N.T. Plea Hearing, 10/31/2024, at 11-17, 17-38, 42. In short, Bucks County police began investigating drug and firearm offenses in September 2023. They enlisted two confidential informants (CI's) to assist them in making "controlled buys" of such contraband. The CI's purchased methamphetamine on two occasions from Deanna Andrichyn, Appellant's co-defendant in the case docketed at CP-09-CR-0005848-2023 (case 5848). On the second of those purchases, the CI's also purchased from Appellant a firearm with an obliterated serial number.

Appellant and Andrichyn were both arrested after being pulled over by police as they were driving together on a motorcycle to the location of the second controlled buy. Police discovered that the motorcycle had been reported as stolen by the registered owner, Ralph Snyder. Moreover, police

learned that Appellant had been statutorily prohibited from possessing firearms due to being convicted of burglary in 2003.

Appellant and Andrichyn were then charged, and their cases were consolidated.[1] While their consolidated cases were pending, Andrichyn agreed to be interviewed by police. In May 2024, Andrichyn contacted police about threats she had received from Appellant, who had obtained a video recording of the interview. Appellant warned Andrichyn, through a third-party, that he would send the video both to her father and to her father's outlaw motorcycle club if she did not cease cooperating with police. It was made explicit in these communications that such a disclosure could put Andrichyn's life in jeopardy.

Police corroborated Andrichyn's allegations after intercepting numerous telephone calls and text messages in which Appellant had conveyed his threats against her. In the case docketed at CP-09-CR-0003671-2024 (case 3671), he was charged with one count of intimidation of witnesses or victims (18 Pa.C.S.A. § 4952(a)(2)), and one count of retaliation against a witness, victim, or party (18 Pa.C.S.A. § 4953(a)).

_____

[1] Appellant was charged with one count each of person not to possess firearms; prohibited offensive weapons; conspiracy to commit prohibited offensive weapons; altering or obliterating marks of identification; conspiracy to commit altering or obliterating marks of identification; criminal use of communication facility; conspiracy to commit criminal use of communication facility; receiving stolen property; conspiracy to commit receiving stolen property; and firearms not to be carried without a license.

Appellant stipulated to the above facts at the plea hearing held on October 31, 2024. *See* N.T. Plea Hearing, 10/31/2024, at 11-38, 42. He then pled guilty to the charges outlined in the charging documents.

As to the weapon possession count (18 Pa.C.S.A. § 6105), Appellant was sentenced to a prison term of five to 10 years, followed by a consecutive three-year probationary term on the count of receiving stolen property (18 Pa.C.S.A. § 3925). *See* N.T. Sentencing Hearing, 2/10/2025, at 53-54. Both Appellant and his co-defendant, Andrichyn, were ordered to pay restitution in the amount of $5,840, joint and several, in compensation to the owner of the stolen motorcycle they were riding just prior to their arrest. *See id*., at 54. As to the witness intimidation count (18 Pa.C.S.A. § 4952(a)(2)), Appellant received a consecutive prison term of six to 12 years. *See id*., at 54-55. All three of these penalties fell within the standard ranges of the statutory sentencing guidelines. No further penalty was entered as to the remaining counts.

Appellant filed a motion for reconsideration of his sentence, and it was denied. He then timely filed a notice of appeal, and otherwise complied with Pa.R.A.P. 1925. In his brief, Appellant now raises the following three issues:

> A. To the extent that the trial court ordered restitution [as a part of the direct sentence] of pursuant to 18 Pa.C.S. § 1106, did the trial court impose an illegal sentence . . . that must be vacated where it failed to specify the method of payment of restitution at the time of sentencing?
>
> B. To the extent that the trial court ordered restitution as a condition of probation pursuant to 42 Pa.C.S. § 9763, did the trial

court impose an illegal sentence . . . that must be vacated by failing to consider [Appellant's] ability to pay and failing to set a payment schedule?

C. Did the trial court abuse its discretion in imposing a manifestly excessive aggregate sentence where the total sentence was unduly harsh considering the nature of the crimes and the length of imprisonment?

Appellant's Brief, at 4 (suggested answers omitted).

Appellant's first two claims, which we address together for ease of disposition, both concern the legality of the trial court's restitution order. He contends that the order of restitution is deficient as a matter of law because the trial court did not, at the time of sentencing, specify the manner of payment, set a payment schedule, or consider Appellant's ability to pay.

The trial court's authority to impose restitution is an issue that relates to the legality of a sentence, rather than to the discretionary aspects of a sentence. **See Commonwealth v. Hall**, 80 A.3d 1204, 1211 (Pa. 2013). "The determination as to whether the trial court imposed an illegal sentence is a question of law, our standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Crosley**, 180 A.3d 761, 771 (Pa. Super. 2018) (citation omitted). "When a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated and the matter remanded for resentencing." **Commonwealth v. Deshong**, 850 A.2d 712, 714 (Pa. Super. 2004).

"It is generally agreed that restitution is a creature of statute, and, without express legislative direction, a court is powerless to direct a defendant

to make restitution as part of a sentence." ***Commonwealth v. Harner***, 617 A.2d 702, 704 (Pa. 1992). If the trial court finds that the defendant's criminal conduct has directly caused the loss of property or property value to the victim, or caused the victim personal injury, then restitution is statutorily mandated, and the Commonwealth must produce evidence to substantiate the restitution amount. ***See*** 18 Pa.C.S.A. § 1106(a). In the event that restitution is imposed as part of a direct sentence under section 1106, the trial court must specify the amount and method of restitution at the sentencing hearing, and the defendant's ability to pay need not be considered. ***See*** 18 Pa.C.S.A. § 1106(c)(2). If, however, the trial court finds that a victim's loss is not the direct result of the defendant's conduct, restitution may be imposed as a condition of probation to promote the defendant's rehabilitation and protect the public. ***See*** 18 Pa.C.S.A. § 9763(b). Under section 9763, the trial court must base its determination on "an affordable amount and on a schedule that the defendant can afford to pay, for the loss or damage caused by the crime." 18 Pa.C.S.A. § 9763(b)(10); ***see also*** 18 Pa.C.S.A. § 9754 (requiring court to consider a defendant's ability to pay restitution when ordered as a condition of probation).

Here, as the Commonwealth concedes in its brief, the trial court reversibly erred by failing to indicate at the sentencing hearing the statutory basis for its restitution order. ***See*** Appellee's Brief, at 28-31. It is therefore not apparent from the record whether Appellant was being ordered to pay restitution as a condition of probation or as a part of his direct sentence. The

record shows that, in either scenario, the trial court's restitution order did not comport with statutory requirements.

However, the unknown intent of the trial court in this regard necessarily impacts the type of relief available to Appellant. In cases where an illegal restitution order was imposed as part of a direct sentence, we have held that "the entire sentencing scheme was upset," requiring us to "vacate the sentence and remand for resentencing." **Deschong**, 850 A.2d at 714; **see also Commonwealth v. Ramos**, 197 A.3d 766, 770-71 (Pa. Super. 2018) (remanding for resentencing rather than vacating restitution order because "restitution [w]as an integral part of the sentencing scheme."); **Commonwealth v. Mariani**, 869 A.2d 484, 487 (Pa. Super. 2005) (same).

The Commonwealth has argued, without citation to legal authority, that Appellant's consolidated cases should be remanded back to the trial court only for clarification as to whether restitution was intended as a probationary term, allowing the rest of the sentencing scheme to remain intact.

However, where it is not clear whether a restitution order is part of a probationary sentence or a direct sentence, the *potential* disruption of the sentencing scheme requires the "entire judgment of sentence" to be vacated for a resentencing on remand. **Commonwealth v. Dahl**, 296 A.3d 1242, 1254 (Pa. Super. 2023); **see also Commonwealth v. Vouvounas**, No. 518 EDA 2024 (Pa. Super. filed July 22, 2025) (unpublished memorandum) (vacating judgment of sentence and remanding for new sentencing where it was "unclear whether the trial court ordered restitution as a condition of

- 7 -

Appellant's probation or as a mandatory sentence."); ***Commonwealth v. Abell***, No. 179 WDA 2024 (Pa. Super. filed October 9, 2024) (unpublished memorandum) (same).[2]

Moreover, this Court has remanded for a resentencing to remedy an unlawful restitution order which was made a condition of probation. ***See Commonwealth v. Hall***, 80 A.3d 1204, 1218 (Pa. 2013) (vacating judgment of sentence and remanding for new sentencing to remedy deficient restitution order imposed as a condition of probation); ***Commonwealth v. Kinnan***, 71 A.3d 983, 988 (Pa. Super. 2013) (same).[3]

Thus, we likewise vacate the restitution order and remand the case for an entirely new sentencing hearing which comports with the above-discussed statutory mandates.[4]  On remand, the trial court must determine whether

_____

[2]  Unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, are non-binding but may be cited for their persuasive value.  ***See*** Pa.R.A.P. 126(b).

[3] We note that our decisions are not entirely consistent in this respect.  For example, in ***Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa. Super. 2014), this Court vacated a deficient restitution order imposed as a condition of probation, and remanded for a "new sentencing hearing, limited to the issue of restitution consistent with Section 1106 and our cases."  ***See also Commonwealth v. Aspril***, No. 1833 MDA 2024 (Pa. Super. filed August 19, 2025) (unpublished memorandum) (remedying a deficient restitution order, imposed as a condition of probation, for a resentencing only on the issue of the proper restitution amount).

[4] The trial court did not address the merits of Appellant's restitution claims in its 1925(a) opinion, reasoning that those issues had been waived, having been raised for the first time on appeal.  ***See*** Trial Court 1925(a) Opinion, 6/12/2025, at 26-27.  However, a challenge to the trial court's authority to
*(Footnote Continued Next Page)*

Appellant's criminal conduct directly caused the victim to suffer monetary losses, and if so, rely upon the evidence presented to impose a restitution amount that fully compensates the victim. *See* 18 Pa.C.S.A. § 1106. If Appellant's criminal conduct was not a direct cause of the victim's losses, then the trial court has discretion to proceed under section 9754 and impose restitution as a condition of probation. *See* 18 Pa.C.S.A. § 9763.

Having determined that Appellant must be resentenced on remand, it is unnecessary for this Court to consider his remaining challenges to the discretionary aspects of his sentence.

Judgments of sentence vacated. Cases remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/6/2026

---

impose restitution relates to the legality of a sentence, and cannot be waived. *See Commonwealth v. Deshong*, 850 A.2d 712, 716 (Pa. Super. 2004)("Because this restitution order amounted to an illegal sentence, we reject the Commonwealth's waiver argument. An illegal sentence cannot be waived.").